525 So.2d 675 (1988)
Robert N. STOCK, et al.
v.
CITY-PARISH OF EAST BATON ROUGE.
No. CA 87 0411.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*676 Michael R. Connelly, Baton Rouge, for plaintiffs-appellants Robert N. Stock, et al.
Larry D. Book, Baton Rouge, for defendant-appellee City of Baton Rouge, etc.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
From a judgment dismissing part of his claim against the City-Parish of East Baton Rouge, plaintiff appeals.[1] We reverse and remand. Plaintiff brought this suit against the City-Parish, Parish Water Company, Inc., and Baton Rouge Water Works Company to enjoin the enforcement of East Baton Rouge City-Parish Ordinance 7853, which allows for the disconnection of water services for failure to pay the sewer user fee charges, and to obtain a refund of those charges.
Plaintiff claims the ordinance is unconstitutional because it was a tax that was never submitted to voters of the Parish, that it interferes with private contracts, and that it is being discriminately applied. The City-Parish filed an exception of no cause of action, contending that plaintiff had alleged no facts which if proved would state a cause of action as to any of plaintiff's claims. Alternatively the City-Parish moved for summary judgment, contending that there were no genuine issues of material fact, and that it was entitled to judgment in its favor as a matter of law. The trial court sustained the City-Parish's exception of no cause of action and granted summary judgment in favor of the City-Parish on all issues except those relative to selected enforcement.[2]
The objection of no cause of action tests the legal sufficiency of the petition. No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. art. 931. For purposes of ruling on the exception of no cause of action, the court must accept all allegations of the petition as true, and sustain the exception only if the law affords no remedy under the allegations of the petition. "If a petition states a cause of action on any ground or portion of the demand, the objection of no cause of action must be overruled." Harris v. Steele, 506 So.2d 542, 543 (La.App. 1st Cir.), cert. denied, 511 So.2d 1155 (La.1987). The trial court held that plaintiff had stated a cause of action on the grounds of selective enforcement. Having stated a cause of action on the grounds of selective enforcement of the ordinance, plaintiff's petition has stated a cause of action, and the exception of no cause of action should have been overruled.
The trial court judgment, however, also recited that it granted summary judgment on the first two issues. Unlike the exception of no cause of action, a summary judgment may be partial, but it must grant at least some of the relief for which one of the parties prayed. Dryades Savings & Loan Ass'n v. Lassiter, 400 So.2d 894, 896 (La.1981). It may not be used merely to decide an issue, without granting or denying any part of the relief claimed by any party. Smith v. Hanover Ins. Co., 363 *677 So.2d 719, 720 (La.App.2d Cir.1978). Plaintiff prayed the court to enjoin the enforcement of the ordinance, hold the ordinance unconstitutional, and refund the money already paid for sewer user fees. Plaintiff claims the ordinance is unconstitutional both as written and as applied. The court disposed of only part of the claim, whether it is unconstitutional as written. The court expressly stated that the selective enforcement issue remained viable. Having granted none of the relief prayed for, this summary judgment was improper, and the trial court erred in granting it.
For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action and granting summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion, the assessment of costs to await the final outcome of the case.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff claimed in his petition to be the representative of a class, but the case had not been certified as a class action.
[2] Parish Water Company, Inc., and Baton Rouge Water Works Company answered the petition, but are not parties to this appeal.