546 So.2d 601 (1989)
Don and Maudie BELLAH, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY INS. CO., et al., Defendants-Appellees.
No. 88-448.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*602 Smitherman, Lunn, Chastain & Hill, Gordon N. Blackman, Jr., Shreveport, for plaintiff-appellant.
McLure & Pickels, Charles K. Charrier, Alexandria, Kenneth Simmons, Many, Watson, Murchison, Crews, Arthur & Corkern, Ronald Corkern, Natchitoches, for defendants-appellees.
Before DOMENGEAUX, LABORDE and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether a plaintiff has a cause of action for damages against the defendant's liability insurer based on its alleged bad faith refusal to settle a claim on behalf of its insured prior to trial.
This is a tort action instituted by Maudie A. Bellah and her husband, Don W. Bellah (hereinafter plaintiffs), for damages allegedly incurred when Mrs. Bellah stepped into a hole in the driveway of Ann's Flower Shop (hereinafter the leased premises) located in Many, Louisiana. Plaintiffs sued Hollis R. Bray, the owner and lessor of the leased premises upon which Ann's Flower Shop was located, Thelma Ezernack Small and Jimmy James Small, the owners of Ann's Flower Shop and lessees of the leased premises, the liability insurer of the leased premises, State Farm Fire and Casualty Insurance Company (hereinafter State Farm), the Town of Many, and the Sabine Parish Police Jury. State Farm filed a motion to strike plaintiffs' damage claim against it for an alleged bad faith refusal to settle the damage claim against its insured. The trial court granted the Motion To Strike and a formal judgment was signed dismissing the claim of plaintiffs against State Farm. Plaintiffs timely appeal. We affirm.

FACTS
Plaintiffs seek to recover damages for personal injuries suffered by Mrs. Bellah, as well as her medical expenses and loss of income, and for Mr. Bellah's loss of consortium, under legal theories of negligence and/or strict liability. Plaintiffs also seek to recover damages for the bad faith actions of State Farm as alleged in paragraph 10 of their petition:
"Defendant, State Farm Fire & Casualty Insurance Company, has purposefully, arbitrarily and capriciously prolonged settlement negotiations such as to constitute legal bad faith: including but not limited to restricting settlement discussions to quantum issues and not denying liability until approximately eleven months after the accident, so as to entitle plaintiffs to an additional award for the bad faith actions of State Farm Fire & Casualty Insurance Company."
Plaintiffs itemized their damages for this bad faith claim in paragraph 17(6) of their petition as follows:
"Bellah itemizes the damages as follows:

1) Past Medical Expenses $ 5,000.00
2) Future Medical Expenses 10,000.00
3) Past, present and future
 loss of income 25,000.00
4) Past, present and future
 pain, suffering and mental
 anguish 100,000.00
5) Loss of Consortium 50,000.00
6) Bad Faith 250,000.00
 ___________
 $440,000.00"

*603 State Farm answered the suit on behalf of the defendants, denying liability and pleading the comparative negligence of Mrs. Bellah. Additionally, State Farm filed a pleading styled "Motion and Order to Strike" seeking a dismissal of the claim set forth in paragraph 10 and the associated damages set forth in paragraph 17(6) of plaintiffs' petition. A hearing on the matter was held on December 14,1987, and the issue was taken under advisement. In written reasons for judgment rendered on January 12, 1988, the trial judge determined that this bad faith claim for damages against State Farm should be stricken from the petition. By judgment dated January 29, 1988, the trial judge granted the motion to strike and ordered the plaintiffs' bad faith claim for damages against State Farm dismissed with prejudice at plaintiffs' costs.
At the outset, we note that a motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action. LSA-C.C.P. Art. 964; Pitre v. Opelousas General Hosp., Inc., 530 So.2d 1151 (La.1988); Adams v. N.O. Blood Bank, 343 So.2d 363 (La.App. 4 Cir. 1977). However, we can still consider State Farm's claim for relief as we construe the facts set forth in their Motion To Strike as adequately alleging an exception of no cause of action. In Louisiana, we have abolished the "theory of the case" as a pleading requirement. LSA-C.C.P. Arts. 862, 1154, 2164. A party may be granted any relief to which he is entitled under the facts pled and the evidence. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La. 1974). Our courts look through the caption, style and form of the pleadings to determine the substance of the pleadings. Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La.App. 3 Cir.1983), writ den., 435 So.2d 426 (La.1983); Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1 Cir.1986).
The exception of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. LSA-C.C.P. Art. 931; Ward v. Pennington, 434 So.2d 1131 (La. App. 1 Cir.1983), writ den., 438 So.2d 572, 576 (La.1983); McIntyre v. McIntyre, 519 So.2d 317 (La.App. 2 Cir.1988). For purposes of ruling on an exception of no cause of action, the court must accept all allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Stock v. East Baton Rouge City-Parish, 525 So.2d 675 (La.App. 1 Cir.1988). If the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Pitre, supra; Stock, supra; C.O.S.T. v. St. Landry Parish School Bd., 528 So.2d 1048 (La.App. 3 Cir. 1988). However, an exception to the latter rule exists when separate and distinct causes of action are set forth in one petition. Moore, Romero & Co. v. Nan Corp., 458 So.2d 675 (La.App. 3 Cir.1984); Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3 Cir.1988), writ den., 536 So.2d 1255 (La. 1989).
In the present case, plaintiffs assert two separate causes of action and two different demands for damages in their petition. The primary claim of plaintiffs for damages is based on several alleged acts of negligence, including defendants' failure to repair an unsafe condition and failure to warn of a potential hazard. A theory of strict liability for recovery of plaintiffs' damages is also urged on the basis that the hole in the driveway of the leased premises constituted an unreasonable risk of harm to Mrs. Bellah and others similarly situated such as to constitute a vice, defect, or ruin in the leased premises. The secondary claim, which is the subject of this appeal, is for damages against State Farm for its alleged failure to settle the claims related to Mrs. Bellah's injuries and for alleged bad faith negotiations in trying to settle the claims. Since the trial court's judgment against plaintiffs effectively disposes of this element of damages, it is a final judgment from which an appeal lies. LSC.C.P. Articles 1841, 2083; Peloquin v. Calcasieu Parish Police Jury, 367 So.2d 1246 (La.App. 3 Cir.1979); Rousseau v. *604 Employers Mut. of Wausau, 493 So.2d 121 (La.App. 5th Cir.1986), writ not considered, 493 So.2d 1206 (La.1986).
The following facts are alleged in the petition. On or about October 20, 1987, Mrs. Bellah fell and was injured when she stepped into a hole in the driveway of the leased premises. At the time of the accident, Mr. and Mrs. Small had in full force and effect a policy of liability insurance with State Farm which covered accidents on the leased premises.
Plaintiffs argue that they have a cause of action and can be awarded damages against an insurance company that arbitrarily and capricously refuses to settle a claim on behalf of its insured prior to trial. Defendants assert Louisiana law and jurisprudence permits no such recovery.
In Hodge v. American Fidelity Fire Ins. Co., 486 So.2d 233 (La.App. 3 Cir.1986), writ den., 489 So.2d 917 (La.1986), this court succinctly set forth the law relative to an insurer's duty to settle:
"The jurisprudence is clear that a liability insurer is not required to settle a claim against its insured even within the policy limits under the penalty of an absolute liability for any excess judgment which may be rendered against its insured. However, the insurer may be liable to its insured for the judgment in excess of policy limits for which the insured is cast where the insurer's failure to accept the settlement offer is not in good faith, or is arbitrary or capricious under the circumstances. See Champion v. Farm Bur. Ins. Co., 352 So.2d 737 (La.App. 3rd Cir.1977); Trahan v. Central Mutual Ins. Co., 219 So.2d 187 (La. App. 3rd Cir.1969); Younger v. Lumbermen's Mutual Casualty Co., 174 So.2d 672 (La.App. 3rd Cir.1965); Wooten v. Central Mutual Insurance Co., 166 So.2d 747 (La.App. 3rd Cir.1964).
The insurer has a duty to protect its insured. In the case of Domangue v. Henry, 394 So.2d 638 (La.App. 1st Cir. 1980), the court stated:
`Louisiana jurisprudence establishes that a duty is placed upon the insurer to consider the interest of the insured as paramount when an offer to settle is made. The insurer has a duty to act in good faith and to deal fairly when handling and settling claims in order to protect the insured from exposure to excess liability. See Holtzclaw v. Falco, [sic] 355 So.2d 1279 (La.1978); Moskau v. Insurance Company of North America, 366 So.2d 1004 (La.App. 1st Cir.1978); Comment, Duty of Insurer to Settle, 30 La.L.Rev. 622 (1970).'" (Footnotes omitted; Emphasis added.) 486 So.2d at 236.
Applying the foregoing legal principles to the facts of this case, it is clear that the law does not afford plaintiffs the remedy they seek. Mr. and Mrs. Small, and any other person(s) named or covered as insureds under their policy with State Farm are the only parties that may sue State Farm to recover damages against State Farm in the event a judgment in excess of the policy limits is ultimately rendered against them because of State Farm's bad faith failure to settle the claim. See, Roy v. Glaude, 494 So.2d 1243 (La. App. 3 Cir.1986); Payton v. Color, 518 So.2d 1104 (La.App. 4 Cir.1987); McKenzie and Johnson, 15 Louisiana Civil Law Treatise, Insurance Law and Practice, § 218 (1986). The insurer's duty to settle runs solely to the insured and not to an injured (third) party.
The cases of Carter v. Safeco Ins. Co., 435 So.2d 1076 (La.App. 1st Cir.1983) and Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1977) are cited by plaintiffs for the proposition that a plaintiff in a suit has a cause of action and can be awarded damages against a defendant's liability insurer for its bad faith failure to settle a claim on behalf of a defendant in the suit. We find these cases are factually distinguishable and contrary to plaintiffs' position. In Carter and Holtzclaw, the issue was whether a liability insurer owed any duty to multiple claimants to prorate inadequate policy limits after liability of the insured tortfeasor is established. These cases hold that there is no such duty and that "In the final analysis, a liability insurer's foremost *605 obligation is to its insured and not to the claimants." Carter, supra at page 1080.
Under the facts and circumstances alleged in plaintiffs' petition we find, as did the trial court, that Louisiana law does not authorize plaintiffs, who are not insureds under State Farm's policy, to seek damages against State Farm for its alleged bad faith in settlement negotiations and for exercising its contractual right to provide a defense for the insured. Accordingly, we conclude the trial judge did not abuse his discretion in striking plaintiffs' bad faith cause of action and associated damage claim from plaintiffs' petition and dismissing such bad faith claim at plaintiffs' cost.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs-appellants. All other costs are to await final disposition of the case.
AFFIRMED.