593 So.2d 689 (1991)
Michele SOMMERS Individually and as Representative of a Class
v.
SECRETARY, DEPARTMENT OF REVENUE AND TAXATION.
No. 91 CA 0915.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Writ Denied February 28, 1992.
*690 Tracy Mitchell, Baton Rouge, for plaintiff-appellant Michele Sommers Individually and as Representative of a Class.
Marlin N. Glusman, Baton Rouge, for defendant-appellee Secretary, Department of Revenue and Taxation.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment refusing to certify a class action and dismissing plaintiff's action.

FACTS
Plaintiff, Michele Sommers, is an East Baton Rouge Parish resident and homeowner. Plaintiff alleged that her residence is wired for electrical service and that she is a consumer of electrical power through Gulf States Utilities (GSU). Between January 14 and February 16, 1991, plaintiff consumed 2435 units of electrical energy for which GSU billed her $189.22 plus $5.60 in sales tax.
By Acts 1990, No. 386 § 1, the Legislature suspended certain exemptions from sales taxes under LSA-R.S. 47:305, including electric power.[1] On or about February 28, 1991, plaintiff paid, under protest, the $5.60 in sales tax on her electrical power consumption directly to defendant, the Louisiana Department of Revenue and Taxation (Department). Within thirty days of payment under protest, plaintiff filed the instant class action against the Department on her own behalf and on behalf of the approximately 1,705,740 persons in the State of Louisiana who consume electrical power from a utility company. In her petition, plaintiff alleged that although sales taxes may be assessed against tangible personal property under LSA-R.S. 47:302, electrical power is not tangible personal property for which sales taxes may be assessed. Plaintiff requested that the class be certified and that she and all class members be refunded all sales taxes paid on the consumption of electrical power, plus interest, and costs and attorney's fees.
Thereafter, plaintiff filed a petition for a writ of mandamus and a rule to show cause, requesting that the Department show cause why her class action should not be maintained and, alternatively, that a writ of mandamus issue ordering the Department to hold in escrow all sales taxes paid on electrical consumption and received by the Department on or after February 28, 1991. On March 25, 1991, the trial judge issued a writ of mandamus, ordering the Department to hold in escrow all sales *691 taxes received for the consumption of electrical power. By judgment, dated March 27, 1991, the trial judge recalled the alternative writ of mandamus previously issued.
After the hearing on the rule to show cause to certify plaintiff's class action, the trial judge determined that plaintiff's petition failed to set forth a "colorable claim" upon which to certify the class action. He subsequently rendered judgment in favor of the Department and against plaintiff, dismissing plaintiff's class action at her costs.
From this adverse judgment, plaintiff appeals, raising the following issues:
1. Should the class be certified?
2. Is electrical service tangible personal property subject to sales tax?
3. Where a proposed class representative has made a payment under protest on behalf of the class, is the state required to escrow the tax receipts for the entire class pending final disposition of the case?

NO CAUSE OF ACTION
The peremptory exception pleading the objection of no cause of action is a procedural device used to test the legal sufficiency of the petition. Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990). In other words, the exception pleading the objection of no cause of action tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601, 603 (La.App. 3rd Cir.1989); Bordelon v. Cochrane, 533 So.2d 82, 84-85 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La.1989). For purposes of ruling on the exception, the court must accept all of the allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 603. No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. art. 931; Ward v. Tenneco Oil Company, 564 So.2d at 820.
The general rule is that where a petition states a cause of action as to any ground or portion of a demand, the exception pleading the objection of no cause of action should be overruled or denied. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 603.
In the instant case, in determining that plaintiff's petition failed to set forth a "colorable claim" upon which to certify the class action, the trial judge, in essence, on his own motion determined that plaintiff failed to set forth a cause of action in her petition.[2]
LSA-R.S. 47:301 et seq. is that portion of the revised statutes that regulates sales tax. LSA-R.S. 47:302(A)(1) and LSA-R.S. 47:331(A)(1) impose a tax of two percentum (2%) and ninety-seven one hundredths of one percentum (.97%), respectively, to be levied, upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state of each item or article of tangible personal property. Cf. McNamara v. John E. Chance & Associates, Inc., 491 So.2d 154, 157 (La.App. 3rd Cir.1986). The term "tangible personal property" is very broadly defined in LSA-R.S. 47:301(16), in pertinent part, as:
[P]ersonal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses.
Although "tangible personal property" is generally thought of as a common law term, the courts have consistently held that the legislature did not intend to import the common law into Louisiana, but rather it intended that this term should be defined in accordance with the general property law of Louisiana. Sales Tax Collector, St. *692 Charles Parish v. Westside Sand Co., Inc., 534 So.2d 454, 456 (La.App. 5th Cir.1988), writ denied, 536 So.2d 1240 (La.1989), cert. denied, 491 U.S. 905, 109 S.Ct. 3188, 105 L.Ed.2d 696 (1989); Exxon Corporation v. Traigle, 353 So.2d 314, 316-17 (La.App. 1st Cir.1977), writ refused, 354 So.2d 1385 (La. 1978). Thus, the term "tangible personal property" has been interpreted as being synonymous with the term "corporeal movable property" found in the Civil Code. LSA-C.C. arts. 461 and 471; Sales Tax Collector, St. Charles Parish v. Westside Sand Co., Inc., 534 So.2d at 456; Exxon Corporation v. Traigle, 353 So.2d at 317.
Having determined that "tangible personal property" is tantamount to a "corporeal movable," we must determine whether electrical power is a corporeal movable.
LSA-C.C. art. 461 distinguishes between corporeals and incorporeals as follows:
Corporeals are things that have a body, whether animate or inanimate and can be felt or touched.
Incorporeals are things that have no body, but are comprehended by the understanding, such as the rights of inheritance, servitudes, obligations, and right of intellectual property.
The comments to this article recognize that, according to French doctrine, energies, including electricity, are classified as corporeal things to insure the application of rules dealing with theft to the unauthorized appropriation of energies. LSA-C.C. art. 461, comment (b). Additionally, the comments note that, in Louisiana, energies enjoy full proprietary protection under the criminal statutes so that classification of energies as corporeals is unnecessary for that purpose. Moreover, LSA-C.C. art. 471 defines "corporeal movables" as "things, whether animate or inanimate, that normally move or can be moved from one place to another." In addition, all things, corporeal or incorporeal, that are not considered under the law to be immovable are movable. LSA-C.C. art. 475.
In the instant case, we find that electricity is clearly not an incorporeal. It is not a mere idea to be comprehended. Rather, electricity is a corporeal in that it possesses qualities which can be perceived by the senses. Moreover, electricity can be moved from one place to another and, as such, is by definition a movable. Therefore, under the clear wording of the codal provisions defining corporeal movables, electrical power is a corporeal movable.[3]
We find further support for this position in LSA-R.S. 47:305D(1)(d) wherein the legislature specifically exempted the following "tangible personal property" from the sales tax: electric power or energy.[4] If the legislature did not intend for electric power or energy to have been included within the definition of "tangible personal property," a provision exempting electric power from the tax imposed on tangible personal property would have been unnecessary.
Therefore, because we agree with the trial judge's determination that the law permits the imposition of a sales tax on electrical power as tangible personal property, we find that the trial court was correct *693 in finding that plaintiff's class action suit failed to set forth a cause of action. As such, her class action was properly dismissed.[5]
Because of our determination of this issue, we find it unnecessary to address the other issues raised in this appeal.

CONCLUSION
For the above reasons, the judgment of the trial court, dismissing plaintiff's class action, is affirmed. Plaintiff is cast for all costs on appeal.
AFFIRMED.
NOTES
[1] Acts 1990, Nos. 155 and 386, enacted the following provisions:

LSA-R.S. 47:302G, which provides as follows:
Notwithstanding any other provision of law to the contrary, including but not limited to any contrary provisions of this Chapter, for the period July 1, 1990 through June 30, 1991, the exemptions to the two percent tax levied pursuant to the provisions of this Section, except for those exemptions provided by R.S. 39:467 and 39:468, R.S. 47:305(A)(1), (B), (D)(1)(f), (j), (k), (l), (m), (s), (G), 47:305.1, 47:305.2, 47:305.3, 47:305.8, 47:305.10, 47:305.14, 47:305.15, 47:305.20, 47:305.37, 47:305.38, 47:305.46, and R.S. 51:1787, shall be inapplicable, inoperable, and of no effect.
LSA-R.S. 47:331F, which provides as follows:
Notwithstanding any other provision of law to the contrary, for the period July 10, 1990 through June 30, 1991, the exemptions to the tax by this Section, except for the exemptions provided in R.S. 39:467 and 468, R.S. 47:305(A)(1), (B), (D)(1)(f), (j), (k), (l), (m), (s), (G), 305.1, 305.2, 305.3, 305.8, 305.10, 305.14, 305.15, 305.20, 305.37, 305.38, 305.46, and R.S. 51:1787, shall be inapplicable, inoperable, and of no effect.
[2] Under LSA-C.C.P. art. 927, the trial judge may notice the objection of no cause of action on his own motion.
[3] See United Companies Life Insurance Company v. City of Baton Rouge, 577 So.2d 195, 198 (La. App. 1st Cir.1991), wherein the court classified a canned computer software program as a corporeal movable; Sales Tax Collector, St. Charles Parish v. Westside Sand Co., Inc., 534 So.2d 454, 456 (La.App. 5th Cir.1988), writ denied, 536 So.2d 1240 (La.1989), cert. denied, 491 U.S. 905, 109 S.Ct. 3188, 105 L.Ed.2d 696 (1989), wherein sand removed from its natural source was classified as a corporeal movable; McNamara v. Stauffer Chemical Company, 506 So.2d 1252, 1258 (La.App. 1st Cir.), writs denied, 512 So.2d 454, 455 (La.1987), wherein the court determined that sulfuric acid was a corporeal movable; McNamara v. John E. Chance & Associates, Inc., 491 So.2d 154, 157 (La.App. 3rd Cir.1986), wherein the court classified diesel fuel as a corporeal movable.
[4] LSA-R.S. 47:305D(1)(d) provides as follows:

(1) The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this Chapter:
(d) Electric power or energy and any materials or energy source used to fuel the generation of electric power for resale or used by an industrial manufacturing plant for self-consumption or cogeneration.
[5] Under LSA-C.C.P. art. 934, when the grounds of the objection pleaded by a peremptory exception may be removed by an amendment, the judgment should order such amendment. However, to allow the amendment contemplated by LSA-C.C.P. art. 934, there should be some indication that the defective petition can be amended so as to state a lawful cause of action, and a plaintiff must be able to remove the grounds for the objection. Johnfroe v. Children's Hospital, 537 So.2d 383, 386 (La.App. 4th Cir.1988). In the instant case, the grounds for the objection to plaintiff's petition, namely, that the legislature can lawfully tax tangible personal property, which includes electrical power consumption, cannot be removed by amendment. As such, her suit was properly dismissed.