664 So.2d 700 (1995)
Arthur Ted KAHN and Patricia Kahn, Plaintiffs-Appellants,
v.
Arthur JONES and Concern, Defendants-Appellees.
No. 95-259.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*701 Kenneth Warren DeJean, Lafayette, for Arthur Ted Kahn.
R.L. Hester, Baton Rouge, for Arthur Jones.
Before DOUCET, C.J., and AMY and SULLIVAN, JJ.
AMY, Judge.
This appeal arises from the trial court's grant of defendants' peremptory exception of "No Right and No Cause of Action" which resulted in the dismissal of plaintiffs' petition. For the reasons set forth below, we affirm.

DISCUSSION OF THE RECORD
On July 14, 1993, Arthur Kahn in his capacity as the Chief of Police for the City of Jeanerette, was involved in a shooting that *702 resulted in the death of Mr. Eddie Lewis. An investigation of the matter was commenced, but in the midst of public protest, Mr. Kahn resigned from his position on August 26, 1993, before the investigation was completed.
On July 13, 1994, Mr. Kahn and his wife filed suit against the Coalition on Needs in the Community Effort Right Now (CONCERN), a group of Jeanerette citizens who had voiced concerns over the involvement of Mr. Kahn in the shooting death of Mr. Lewis and demanded his resignation. The President of CONCERN, Arthur Jones, was also a named defendant. The petition alleged that during the investigation of the death of Mr. Lewis, Mr. Jones and CONCERN "negligently or intentionally engaged in a course of conduct designed and intended to deny Chief Arthur Kahn due process through a fair hearing before the Civil Service Board, City Council and the criminal justice system" by their engaging in "the intentional dissemination of false and misleading information concerning Chief Arthur Kahn, accusing him of prior shooting deaths and disseminating such information so as to incite and urge the public to deny Kahn due process and damage his reputation in the community and area." Second, the petition alleged that the defendants called for Kahn's immediate resignation and/or firing without due process and sought to deny him any form of justice pending the state police and grand jury investigation into the death of Mr. Lewis. Further, the petition alleged that to gain support for defendants' effort to deny due process and justice to Arthur Ted Kahn, the defendants engaged in the unauthorized use of public property without a permit for the purpose of conducting a membership meeting and then limited access to the meeting. The allegation continued that such a meeting was designed to incite local residents to boycott certain local businesses in an effort to force the leadership of the City of Jeanerette to terminate Chief Arthur Ted Kahn without due process and in complete denial of any form of justice other than that which defendants sought to disburse through their own misleading information gathered without basis in law or fact.
As a result of these alleged actions, plaintiffs sought damages for alleged mental anguish, pain and suffering, past present and future economic loss, and for Mrs. Kahn's loss of consortium.
On September 23, 1994, defendants filed an exception of no right and no cause of action, alleging that plaintiffs' petition fails to state a cause of action and that plaintiffs have no right to bring said action against defendants.
On November 21, 1994, the trial court sustained the exception of no right and no cause of action, but granted plaintiffs a ten day leave to amend their petition to state a cause of action.
On December 6, 1994, plaintiffs filed a third supplemental and amending petition, realleging all allegations set forth in the original petition and contending:
Defendants herein have disseminated false and misleading information regarding job performance, qualifications and capabilities of petitioner as a police officer designed to incite community civil and economic unrest arising out of his actions in the shooting of Eddie Lewis. Through such actions defendants have sought to have petitioner, Arthur Ted Kahn, resign his position as police chief prior to receiving a due process hearing. Defendants publicly demanded his resignation or stated they would have the community face continued and additional civil unrest and create further economic hardship on the community through boycotting businesses, all of which actions by defendants were designated to create undue pressure on Arthur Ted Kahn to resign prior to a due process hearing.
* * * * * *
The actions of said defendants through their demands, ultimatums and intentional dissemination of false and untrue information regarding petitioner's actions regarding the shooting, as set forth herein previously, sought to have Arthur Ted Kahn forego his due process rights before the Civil Service Board and/or the City Council of Jeanerette or else have the citizenry and businesses of Jeanerette face continued economic and civil hardship brought *703 about at defendants urging. Such actions culminated in the voluntary resignation of Kahn. Kahn resigned so as to end the civil and economic unrest demanded and threatened by defendants and to end the untrue and misleading information being disseminated by defendants regarding Kahn. While such actions of the defendants operated as a hardship and the economic threat to the business community of the City of Jeanerette, Arthur Ted Kahn was economically and emotionally damaged as a result of having to prematurely terminate his employment and forego due process rights in an effort to restore harmony and economic stability to the City or [sic] Jeanerette by meeting defendants' demands; all of which has resulted in economic loss and damages previously set forth herein to Kahn.
* * * * * *
The actions by Arthur Jones, CONCERN and/or CONCERN, Inc. damaged petitioner's reputation in the community as well as caused him financial injury by forcing his resignation and making him forego any opportunity to have a Civil Service hearing or a hearing before the Jeanerette City Council. The resignation was forced upon him so that the economic instability and civil unrest created by defendants and which they threatened to continue could be put to an end. The defendants' urging of denial of due process to Arthur Ted Kahn is further exhibited by excerpts of articles appearing in The Daily Iberian and The Jeanerette Enterprise, both local newspapers, attached hereto as Exhibits "A", "B", "C" and "D".
On December 30, 1994, the trial court granted the exception of no right of action and no cause of action and dismissed plaintiffs' petition.
Plaintiffs timely perfected this appeal, presenting as issue for appellate review whether on the face of the original and supplemental petitions and the facts pleaded therein, appellants have a right of action and a cause of action against appellees.

LEGAL PRINCIPLES
There is no single exception of no cause of action and no right of action. The exception of no cause of action is separate and distinct from the exception of no right of action, with each serving a particular purpose and having its own procedural rules. La. Code Civ.P. art. 927(4); La.Code Civ.P. art. 927(5); Franks v. Royal Oldsmobile Co., Inc., 605 So.2d 633 (La.App. 5 Cir.1992). "The exception of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted." Bellah v. State Farm Fire & Cas. Ins., 546 So.2d 601, 603 (La.App. 3 Cir.1989). The exception of no right of action is a threshold procedural device to terminate a suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. Its essential function is to test whether a remedy afforded by law can be invoked by a particular plaintiff. Moss v. Coury, 602 So.2d 175 (La.App. 3 Cir.1992); Byrd v. International Paper Co., 594 So.2d 961 (La.App. 3 Cir. 1992); Meche v. Arceneaux, 460 So.2d 89 (La.App. 3 Cir.1984); Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155 (La.App. 1 Cir.1992).
Accordingly, we will separately consider whether either the exception of no cause of action or the exception of no right of action can be upheld in this case.

NO CAUSE OF ACTION
Since the purpose of the no cause of action exception is to determine the legal sufficiency of the plaintiffs' petition, the trial court must accept all well pleaded allegations of fact in petition as true and determine if law affords the plaintiffs remedy under those facts. Bellah, 546 So.2d 601; Butler v. Reeder, 93-764 (La.App. 5 Cir. 3/16/94); 635 So.2d 1206. The trial court accepted all facts set forth in plaintiffs' petition as true in the case before us and concluded that the plaintiffs had failed to set forth a cause of action for defamation or a denial of due process.
When, as in the case before us, the allegations set forth in a petition arise out of a single set of events, set forth different theories of recovery, but do not state separate *704 and distinct claims, the petition as a whole is examined to determine if it sufficiently states a cause of action. Accordingly, the exception of no cause of action is not properly granted if the petition states a cause of action on any portion or theory of demand. Bellah, 546 So.2d 601.
On November 21, 1994, when the trial court first sustained the exception of no cause and no right of action, but granted plaintiffs a ten day leave to amend their petition to state a cause of action, the trial court, in reasons for judgment, explained that the petition fails to meet "the factual specificity which gives rise to a cause of action.... The petition merely defines the term `defamation' and fails to assert specific facts concerning the defamatory statements and their damage to the Plaintiffs.... [T]he allegations of denial of due process are unfounded and do not give rise to a cause of action.... Clearly, these defendants had no duty to provide this public official due process. The Civil Service Board and the City Council owed this Plaintiff due process and would be the proper party-Defendants in a suit based on its denial.... While this petition in its current state does fail to assert the factual specificity needed to state a cause of action, it is not so incurable as to deny the Plaintiffs their day in court."
After the December 6, 1994, amending petition was filed, the trial court once again granted defendants' exception and dismissed plaintiffs' petition. In reasons for judgment, the trial court explained that "[e]ven if read as true, the allegations cited in Petitioner's petition do not give rise to a cause of action by these Plaintiffs against these Defendants. The petition, as amended, merely claims that the Defendants organized and conducted protests as a sign of their discontent with the leadership of the Jeanerette Chief of Police, a public official. The petition further claims that these actions ultimately forced the Petitioner, Arthur Kahn, to resign his position as Chief of Police with the Jeanerette Police Department." The trial court further noted that freedom of speech, assembly and protest are protected by both the United States and Louisiana Constitutions and held that the speech urging that certain local merchants be boycotted was constitutionally protected. The trial court also found that the allegations of the denial of due process were unfounded and did not state a cause of action against these defendants who were under no duty to provide Mr. Kahn with due process. Finally, the trial court found that the statements of defendants, that were alleged to be defamatory, were opinions based on facts commonly known in the community.
The trial court explained that the United States Supreme Court in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), held that the good faith criticism of public officials was constitutionally protected and that for a public official to recover in a defamation suit for a statement relating to his official conduct, he must prove that it was made with knowledge that it was false or with reckless disregard of its truth. The trial court then cited the Louisiana Supreme Court's opinion in Mashburn v. Collin, 355 So.2d 879 (La.1977), in which our supreme court distinguished between factual statements, which can be either true or false, and opinions and criticism about matters of public interest. Our supreme court held that "criticism is privileged fair comment ... when the facts on which it is based ... are common knowledge." Id. at 885. The trial court held that "since the actual involvement and potential wrong doing of the Chief was not known with any factual certainty, it is impossible to assert that the Defendants, Concern, Inc. and Arthur Jones did, or could, make the statements with knowing or reckless falsity. The Defendants, Concern, Inc., particularly Arthur Jones, stated their criticism and opinions to the citizens of Jeanerette during a peaceful demonstration. These actions, as a matter of constitutional and tort law, do not give rise to a cause of action."

ANALYSIS
To withstand an exception of no cause of action, the petition must set forth the ultimate material facts on which the cause of action is based. It is insufficient for a petition to simply state factual conclusions without setting forth the facts which support the conclusions. Consequently, any allegations which are no more than factual conclusions *705 shall be disregarded. Saxena v. Saxena, 518 So.2d 1098 (La.App. 5 Cir.1987); Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La. 1980).
With respect to the alleged denial of due process, we agree with the trial court that the allegations in both petitions fail to set forth a cause of action under the facts presented in the petition because the pleadings and their attachments affirmatively demonstrate that Mr. Kahn voluntarily resigned his position as Police Chief, rather than going through the administrative process which would have afforded him due process. Furthermore, none of the facts alleged by plaintiffs, if accepted as true, amount to a denial of due process.
On the issue of defamation, the trial court explained on November 21, 1994, that the petition merely defined the term "defamation" and failed to assert specific facts concerning the defamatory statements and their damage to the plaintiffs. We agree that the petition simply set forth conclusions and failed to include any supporting facts, namely, false statements. With respect to the amended petition we agree with the trial court that the allegations cited in the petition do not give rise to a cause of action in tort law or in constitutional law. We note that Mr. Kahn was a public official and that under New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the good faith criticism of him relating to his official conduct was constitutionally protected. Accordingly, for plaintiffs' petition to set forth a cause of action in defamation, plaintiffs were required to set forth the specific factual statements relating to his official conduct which they claim were false, and they had to allege and set forth facts demonstrating that these statements were made with knowledge that they were false or with reckless disregard of their truth. Since the petition fails to satisfy both of these requirements, it does not state a cause of action for defamation under New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Furthermore, the pleadings and the attachments demonstrate that the defendants' speech was criticism and opinion about a matter of public interest, rather than facts. We agree with the trial court that this speech cannot be defamatory under Mashburn v. Collin, 355 So.2d 879. Based on the foregoing, the trial court's grant of the exception of no cause of action and dismissal of plaintiffs' petition is affirmed.

NO RIGHT OF ACTION
Since the trial court's grant of the exception of no cause of action is upheld, we deem it unnecessary to consider whether the exception of no right of action was properly granted.

DECREE
For the reasons assigned above, the dismissal of plaintiffs' petition is affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.