744 So.2d 731 (1999)
ROGER BOC, L.L.C., David Reinauer, John L. Colligan, W. George Gragson, Jr., and Karl E. Boellert, Plaintiffs-Appellants,
v.
Robert Alan WEIGEL, RTG, Inc. and Realty Trust Group, Defendants-Appellees.
No. 99-570.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1999.
As Corrected on Grant of Rehearing December 15, 1999.
*732 Karl E. Boellert, Merrick J. Norman, Jr., Lake Charles, for Roger Boc, L.L.C., et al.
Henry Eugene Yoes, III, Lake Charles, for Robert Alan Weigel, et al.
BEFORE WOODARD, THIBODEAUX, and COOKS, Judges.
WOODARD, Judge.
Messrs. David Reinauer, John L. Colligan, W. George Gragson, Jr., Karl Bollert, and Roger Boc, LLC, filed suit against a Nebraska corporation, RTG, Inc., Mr. Robert Alan Weigel, and Realty Trust Group, a Delaware corporation, to have the sale of property, which the individual Plaintiffs purchased from the Defendant, RTG, Inc., declared a nullity. The Defendants filed exceptions of no cause of action and no right of action as to the four individual Plaintiffs. The trial court granted the exceptions and permitted, only, Roger Boc, LLC, to remain in the suit. The four individual Plaintiffs appeal. We reverse.

FACTS
On January 23, 1997, RTG, Inc. sold property, occupied by a Wal-Mart store in Moss Bluff, Louisiana, to Messrs. Reinauer, Colligan, Gragson, and Bollert. One week after the sale, these individuals transferred ownership of the property to Roger Boc, LLC, a Louisiana limited liability company (LLC), which they wholly owned.
Following the sale, they discovered that Wal-Mart had complained many times about the leaking roof, and, in 1995 and 1996, repairs had been attempted on it. Believing that they had been misled during the negotiations for the purchase of the property, on January 9, 1998, they and Roger Boc, LLC filed suit for fraud, redhibition, and misrepresentation against Mr. Robert Alan Weigel, a Nebraska resident, RTG, Inc., and Realty Trust Group, a Delaware corporation.
The Defendants filed an exception of no cause and no right of action that claimed, in part, that the four Plaintiffs, as former owners, possessed no right of action against any of the Defendants. The trial court granted the exceptions, stating, in part:
[T]he four individual plaintiffs, as nonowners, remain without authority to maintain an action in redhibition, fraud, or negligent misrepresentation. Thus only the corporate successor to the property, Roger Boc, L.L.C. has a cause of action for negligent misrepresentation, fraud, or rehibition.
*733 The court allowed Roger Boc's claims to remain. Pursuant to La.Code Civ.P. art. 1915, it signed an order on May 3, 1999, designating its judgment to be final. This permitted the four individuals to appeal their dismissal prior to adjudication of the remaining claims. La.Code Civ.P. art. 2083.

ASSIGNMENTS OF ERROR
Appellants urge that the trial court erred in:
1. Holding that the individual Plaintiffs did not have the authority to maintain an action in redhibition, fraud, or negligent misrepresentation.
2. Dismissing the individual Plaintiffs from the suit as the assignment of rights in the assumption deed and the ratification of the assumption deed did not transfer each right and each cause of action of the individual Plaintiffs to Roger Boc, LLC.
The Appellee requests that should we reverse the trial court, that we dismiss Mr. Robert Weigel and the Realty Trust Group from the individual Plaintiffs' and the LLC's redhibition claims, as they are not alleged to be redhibitory sellers to the four individual Plaintiffs or to the LLC nor are they alleged to be manufacturers.

LAW
In Kahn v. Jones, 95-259 (La.App. 3 Cir. 11/2/95); 664 So.2d 700, 703, we stated:
There is no single exception of no cause of action and no right of action. The exception of no cause of action is separate and distinct from the exception of no right of action, with each serving a particular purpose and having its own procedural rules. La.Code Civ.P. art. 927(4); La.Code Civ.P. art. 927(5); Franks v. Royal Oldsmobile Co., Inc., 605 So.2d 633 (La.App. 5 Cir.1992).
The peremptory exception of no cause of action is a procedural device pleaded to raise the question of whether any remedy is afforded by law. La.Code Civ.P. art. 927 A(4). Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3 Cir.1990); Robinson v. North Am. Royalties, Inc. 463 So.2d 1384 (La.App. 3 Cir.), amended on other grounds, 470 So.2d 112 (La.1985). The purpose of this objection is to test the legal sufficiency of the pleadings. In other words, the exception, pleading the objection of no cause of action, tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Bellah v. State Farm Fire & Cas. Ins. Co., 546 So.2d 601 (La.App. 3 Cir.1989); Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1255 (La.1989).
In ruling on the exception, the court must accept all of the allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Ward, 564 So.2d 814; Bellah, 546 So.2d 601. No evidence may be introduced to support or controvert the objection of no cause of action. La.Code Civ.P. art. 931; Ward, 564 So.2d 814.
The general rule is that where a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of action should be overruled or denied. Ward, 564 So.2d 814; Bellah, 546 So.2d 601. The purpose of this rule is to prevent piecemeal litigation and avoid multiple appeals. Rodriguez v. American Bankers Ins. Co. of Fla., 386 So.2d 652 (La.1980); Ward, 564 So.2d 814. However, an exception to this rule exists when separate and distinct causes of action are included in one petition. Id.; Bordelon, 533 So.2d 82.
The exception of no right of action, on the other hand, addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class of those to whom the law grants the cause of action being asserted in the suit. Wonycott v. Wonycott, 579 So.2d 506 (La.App. 4 Cir.1991); Meche v. Arceneaux, 460 So.2d *734 89 (La.App. 3 Cir.1984). This objection is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. Id.
In their exception of no right of action and of no cause of action against Messrs. Reinauer, Colligan, Gragson, and Bollert, the Defendants allege that Plaintiffs could not claim rescission of the sale due to fraud, redhibition, or negligent misrepresentation, because they transferred to Roger Bloc, LLC, all their respective interests in the property and that only Roger Boc LLC could bring the causes of action. The trial court maintained the exception. In so doing, it erred, for the reasons below.
The Plaintiffs' petition alleges that the four individuals purchased the property from the defendant, RTG, Inc., that the Defendants, RTG, Inc., Mr. Weigel, and the Realty Trust Group, had actual knowledge of, and deliberately misrepresented, the defects regarding the roof of the building on the property; that Defendants conspired to defraud Plaintiffs; and that Plaintiffs are entitled to rescission of the sale, damages, and attorney's fees.
The Civil Code and its jurisprudence recognize that a party to a contract has a cause of action to declare a contract a nullity and rescind it when there is fraud vitiating the consent of the contract. La. Civ.Code arts.1948, 1949, and 1953. The Code provides the burden of proof (La.Civ. Code art.1957) and the remedy of damages and attorney fees. La.Civ.Code art.1958. The legal effect of fraud, vitiating the formation of a contract, is that the contract is a nullity. La.Civ.Code art.2033. In the case sub judice, the petition states a cause of action for rescission of the contract of sale for fraud in the formation of the contract; redhibition, pursuant to La.Civ. Code arts. 2520 and 2545; and negligent misrepresentation, under La.Civ.Code art. 2315 and 2316.
If the individual Plaintiffs were successful in proving that the Defendants were fraudulent in the formation of the contract, there would be a legal domino effect; namely, the contract never would have come into existence (La.Civ.Code art. 2033), RTG, Inc. would have never lost title to the property. Also, the Assumption Deed, by which the four individual Plaintiffs transferred all their respective interests in the property to the LLC, likewise, would be a nullity, since the four individual Plaintiffs would have never owned anything to transfer to the LLC. As the individual Plaintiffs invested large sums of money into the purchase of the property in a fraudulent transaction, individually, they allegedly have suffered considerable damages in the original transaction, which, individually, they may recover up to their respective investment value.
The theoretical error of the trial court is that it assumed that the LLC may maintain an action for fraud against the Defendants. As a separate and distinct legal entity, the LLC did not participate in the negotiations with the Defendants that led to the sale of the property. It had no legal relationship to the Defendants, only the four Plaintiffs had such a relationship. Plaintiffs subsequently transferred their interests in the property to a legal entity, the LLC, that they owned. Consequently, only the four Plaintiffs, allegedly, have been directly damaged by the Defendants' alleged fraud. The individual Plaintiffs clearly have a right of action to bring these actions, as they were the parties to the original contract of sale in which these causes of actions were perfected. In other words, the wrong was perpetrated against them individually. Their right of action for fraud, redhibition, and negligent misrepresentation is personal to them, individually. La.Code Civ.P. art. 422.

REDHIBITION CLAIMS AGAINST MR. WEIGEL AND THE REALTY TRUST GROUP
Should we reverse the trial court's judgment, as we have done, the Appellees request that we dismiss Mr. Weigel and the Realty Trust Group, as they were not alleged to be redhibitory sellers, either to *735 the four individual Plaintiffs or to the LLC. The record establishes that these Defendants did not file an answer nor did they separately appeal the trial court's decision with respect to Roger Boc, L.L.C. Therefore, we are powerless to address the claim they assert in their brief with regard to Roger Boc, L.L.C. With regard to the redhibition claims against Mr. Weigel and the Realty Trust Group by the other plaintiffs, which Mr. Weigel and the Realty Trust Group request we dismiss, for the reasons found in the opinion, we decline to dismiss the redhibition claims against them.

CONCLUSION
The trial court erred in granting the Defendants' exceptions of no cause of action and right of action. We reverse the trial court's judgment. The Appellees are cast with the costs of the appeal.
REVERSED AND REMANDED.