819 So.2d 465 (2002)
Herbert W. WAY, Jr.
v.
Donna J. ANDRIES, et al.
No. 2002-0057.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*466 Carolyn J. Ryland, Clerk, Rapides Parish, Alexandria, LA, for Carolyn J. Ryland.
Eugene Paul Cicardo, Jr., Attorney at Law, Alexandria, LA, for Tommy Pentecost.
John W. Munsterman, Attorney at Law, Alexandria, LA, for Herbert W. Way, Jr.
Michael John O'Shee, Darrell J. Brister, Gregory B. Upton, Alexandria, LA, for Donna J. Andries.
Lucy Griffin Sikes, Attorney at Law, Alexandria, LA, for Ronald Lyles.
Bradley Loy Drell, Walker, Passman & Michiels, Alexandria, LA, for Tommy Pentecost.
Court composed of NED E. DOUCET, JR., Chief Judge, and JOHN D. SAUNDERS and OSWALD A. DECUIR, Judges.
DECUIR, Judge.
Donna J. Andries, tax collector for the Rapides Parish Sales and Use Tax Department, filed tax liens in the mortgage records of Rapides Parish against Louisiana Boating Center, L.L.C., and three of its members or managers, Herbert W. Way, Jr., Tommy Pentecost, and Ronald G. Lyles. The liens cited indebtedness for parish sales and use taxes and for a parish occupational license tax. This action was instituted when Way filed suit for mandamus, seeking cancellation of the liens, and naming both Andries and Carolyn J. Ryland, the Rapides Parish Clerk of Court, as defendants.
Andries answered the suit and filed reconventional and third party demands, seeking to have Way, Pentecost, and Lyles *467 held personally liable for the sales and use tax obligation. Pentecost then answered and reconvened, urging a writ of mandamus; he, Way, and Lyles also filed exceptions of no cause or right of action on Andries' demands. Finding that Andries had no right of action against the members or managers of a limited liability company, the trial court maintained the exceptions and issued the writ of mandamus. Andries appeals.
The parties presented to the trial court the question of whether the members or managers of a limited liability company authorized under La.R.S. 12:1301 et seq. can be held personally liable for local tax assessments owed by the company. In rendering judgment on the exceptions in favor of Way, Pentecost, and Lyles, the trial judge concluded that "local taxing authorities, as represented by Mrs. Andries, have no right of action against these parties based upon their membership in the LLC, Louisiana Boating Center."
The trial court's decision was based on the language of La.R.S. 47:1561.1, which provides the cause of action for the collection of taxes owed by a limited liability company:
§ 1561.1. Special authority to enforce collection of taxes collected or withheld; personal liability
A. Notwithstanding any other provision of law to the contrary, if any corporation, limited liability company, or limited partnership fails to file returns or to remit the income taxes withheld from the wages of its employees under Chapter 1 of Subtitle II of this Title, or if any corporation, limited liability company, or limited partnership fails to file returns or to remit the sales and use taxes collected from purchasers or consumers under Chapters 2, 2-A, and 2-B of Subtitle II of this Title, the secretary is authorized, as an alternative means of enforcing collection, to hold those officers or directors, or those managers or members as defined in R.S. 12:1301(12) and (13), having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes withheld or collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon. Collection of the total amount due may be made from any one or any combination of such officers or directors, or managers or members as defined in R.S. 12:1301(12) and (13), who willfully fail to remit or account for such taxes withheld or collected, by use of any of the alternative remedies for the collection of taxes as provided in R.S. 47:1561.
B. A corporation, limited liability company, or limited partnership by resolution of the board of directors or members may designate an officer or director, or a manager or member as defined in R.S. 12:1301(12) and (13), having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes, and such resolution shall be filed with the secretary of state.
Andries' cause of action is established by the provisions of the above-quoted statute. However, the question is whether Andries has a right of action, that is, whether she belongs to the class of persons entitled to bring the stated cause of action. The purpose of an exception of no right of action is to test whether a plaintiff has a real and actual interest in the action. In Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015 (La.11/30/94), 646 So.2d 885, 888, *468 the supreme court explained the exception as follows:
The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Baily[Bailey] Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. [Footnote omitted.]
The exception of no right of action addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class of those to whom the law grants the cause of action being asserted in the suit. Wonycott v. Wonycott, 579 So.2d 506 (La.App. 4 Cir.1991), citing Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3 Cir.1967). This objection is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. Roger Boc, L.L.C. v. Weigel, 99-570 (La. App. 3 Cir. 11/3/99), 744 So.2d 731; Meche v. Arceneaux, 460 So.2d 89 (La.App. 3 Cir.1984).
By the terms of La.R.S. 47:1561.1, only the secretary of the Louisiana Department of Revenue has a right of action to enforce the collection of unremitted sales and use taxes. However, Andries asserts that she has a right of action pursuant to the provisions of La.R.S. 33:2841, which provides as follows:
§ 2841. Enforcing collection of taxes
A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state.
Way, Pentecost, and Lyles counter Andries' reliance on La.R.S. 33:2841 by explaining that it is a general statute enacted long before Louisiana's Limited Liability Company Law. They argue that the more specific statutes addressing a local tax collector's authority to enforce certain tax debts are controlling and serve to limit the general authority granted in Section 2841. They cite La.R.S. 33:2845.1, which provides for the collection of sales and use taxes by political subdivisions from corporations and their officers or directors under certain circumstances:
§ 2845.1. Special authority to enforce collection of sales and use taxes collected; personal liability of certain officers and directors
A. Notwithstanding any other provision of law to the contrary, if any corporation fails to file returns or to remit sales and use taxes required to be filed and remitted under any law or under any ordinance of a political subdivision in a parish which has a single sales and use tax collector for all political subdivisions in the parish, the single tax collector of such political subdivision is authorized, as an alternative means of enforcing collection, to hold those officers or directors who have direct control or supervision of such taxes or who are charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes collected, personally liable for the total amount of such taxes collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon. Collection of the total amount due may be made from any one or any combination of such officers or directors who willfully fail to remit *469 or account for such taxes withheld or collected.
B. A corporation by resolution of the board of directors may designate an officer or director having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes, and such resolution shall be filed with the secretary of state.
Way, Pentecost, and Lyles point out that prior to 1998, La.R.S. 33:2845.1 and 47:1561.1 granted virtually identical rights to the state and local tax collectors in enforcing tax debts of corporations. However, in 1998, the legislature amended La. R.S. 47:1561.1 to expressly include the members and managers of limited liability companies, which came into being as a legal entity in 1992. La.R.S. 33:2845.1 was not similarly amended. Pentecost states in his brief: "The fact that the legislature included limited liability company members and managers in one statute applying to the state but did not include them in a revenue statute applying to parishes is a clear expression that the legislature did not intend parishes to have the power to pierce the veil of limited liability companies."
We agree with this analysis and hold that Andries does not have a right of action under La.R.S. 47:1561.1 by virtue of La.R.S. 33:2841. Accordingly, we affirm the trial court's decision to maintain the exception of no right of action.
We now briefly address Andries' contention that the trial court erred in ordering the cancellation of the tax lien on Lyles' personal property because he did not file a writ of mandamus or otherwise request cancellation of the lien. We find that, given the circumstances of this case, the trial court had authority to order cancellation of the lien against Lyles' property under the general provisions of La.Code Civ.P. art. 1841, which provides that a judgment "may award any relief to which the parties are entitled."
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Andries.
AFFIRMED.
SAUNDERS, J. dissenting.
This case involves the collection of taxes by Rapides Parish from Louisiana Boating Center a Limited Liability Company ("LLC") and three of its member/managers. The issues presented is whether members/managers of a LLC can be held personally liable for the local tax assessments owed by the company. The trial court found that local tax authorities have no right of action against members/managers of an LLC. Based on the legislature's failure to amend La.R.S. 33:2845.1 to include LLCs or its member/managers, the majority concludes that unlike the state, local taxing authorities have no power to compel member/managers to pay the taxes owed by a LLC. For the following reasons, I must respectfully disagree with this conclusion.
La.R.S. 33:2841 provides:
A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state. (Emphasis added).
Thus, La.R.S. 33:2841 grants a local government authority the power to utilize similar enforcement measures as the state.
La.R.S. 47:1561.1 gives the state the authority to enforce the collection of taxes by holding managers or members of a LLC personally liable for the taxes. Thus, *470 under the clear language of the above cited statutes, Rapides Parish has the authority to collect taxes from the member or managers of Louisiana Boating Center.
The legislature is presumed to pass laws with full knowledge of all other existing laws. Therefore, the failure to amend La. R.S. 33:2845.1 could easily be explained by the fact that it was not needed. Local taxing authorities, through La.R.S. 33:2841, already had state enforcement authority. I find that the legislature's inaction demonstrates its recognition of this authority rather than intent to limit local governments' collection power.
Accordingly, I dissent from the decision reached by the majority.