JOHN S. COVINGTON, Judge.
In these consolidated suits to recover delinquent sales/use taxes, defendant, Amoco Production Company, appeals a district court judgment granting plaintiffs’ motion for summary judgment.
We affirm in part, reverse in part, and remand.
Amoco Production Company (Amoco) is a foreign corporation authorized to do business in the state of Louisiana and engaged in the exploration for and production of oil and gas in many of the state’s parishes, including Pointe Coupee. Under the provisions of the Pointe Coupee Parish Sales and Use Tax Ordinance, dated July 13, 1965, and the Pointe Coupee Parish School Board Tax Ordinance, dated November 15, *293 1967 (Parish ordinances)[1] the Parish of Pointe Coupee and the Pointe Coupee Parish School Board (referred to collectively herein as “the Parish”) caused an audit to be performed of Amoco’s business activities within the parish. As a result of the audit, the Parish concluded that Amoco owed a certain amount in sales/use taxes which it had not paid when due. On January 17, 1983, the Parish mailed Amoco a notice of assessment of taxes, plus interest and penalties, for the time period from October 1,1979 through December 31,1981 (first assessment). On March 5, 1984, the Parish mailed another notice of assessment of taxes, plus interest and penalties, for the time period from November 1, 1981 through December 31, 1983 (second assessment) [2]. Amoco refused to pay these assessments, and on April 9, 1984, the Parish filed separate suits on the assessments[3]. These suits were subsequently consolidated for trial.
In its answer to each suit, Amoco asserted as a “defense” the peremptory exception of no cause of action, upon which the record fails to show any action having been taken. .Amoco also addressed the merits of the assessments, contending that the property assessed was used in other parishes and as taxes were paid to those other parishes on that basis, no further taxes were owed to Pointe Coupee. Thereafter, the Parish filed a motion for summary judgment, on the ground that as it interpreted Section 9.18 of the Parish ordinances, a dealer has only 15 days from the date of mailing of the notice of the assessment in which to either pay unconditionally or pay under protest; if an assessment is not paid under protest within that time period, a dealer is forever barred by peremption from contesting the assessment’s validity. In addition, the Parish moved for a court order prohibiting Amoco from continuing to do business within the parish. Amoco opposed the motion for summary judgment, and filed a dilatory exception as to the other motion, alleging that it was a summary proceeding improperly cumulated with the ordinary proceeding to collect taxes. The Parish opposed the dilatory exception on the ground that it was untimely filed.
On December 10, 1984, three days before the hearing on the motions, Amoco tendered payment to the Parish of the assessed amounts, under protest, pursuant to Section 11.01[4] of the Parish ordinances. At the hearing, the Parish deposited the tendered payment in the registry of the court, taking the position that it was too late for Amoco to assert the right to pay under protest and attempt to litigate the merits of the assessments. Also at the hearing, Amoco attempted to move for a continuance and to file a supplemental and amending answer, which raised its payment under protest as a defense. After argument, the trial court rendered judgment granting Amoco’s exception of improper cumulation of actions, denying Amoco’s motion for continuance, refusing to allow the filing of Amoco’s supplemental and amending answer, and granting the Parish’s motion for summary judgment. From that judgment Amoco took this suspensive *294 appeal, asserting the following assignments of error:
(1) The trial court erred in holding that Amoco did not have the right to present defenses on the merits of the tax assessments;
(2) The trial court erred in finding that Amoco had not engaged in the use of the tangible personal property in other parishes;
(3) The trial court erred in failing to consider other issues raised in Amoco’s answer and its affidavits in opposition to the motion for summary judgment; and
(4) The trial court erred in denying Amoco’s motion for continuance in the suit involving the first assessment.
ASSIGNMENT OF ERROR No. 1
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
Although the trial judge commented, when giving his reasons for judgment, on the merits of Amoco’s defense, it is apparent that he granted the motion for summary judgment solely on the basis of the Parish’s contention that Amoco’s right to pay under protest and contest the merits of the assessments had been lost by the running of the 15-day time period, which the trial court characterized as peremptive in nature.
Section 9.18 of the Parish ordinances provides that:
“All taxes, penalties and interest assessed pursuant to the provisions of the last three preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the Parish of Pointe Coupee. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this ordinance, a sum equivalent to five per cent (5%) of the tax.”
The only other expressly stated consequence of a dealer’s failure to pay an assessment within the 15-day period is found in Section 9.19,[5] which grants to the local tax collector the right to the immediate utilization of the enforcement procedure of distraint and sale of a dealer’s property or rights to property.
The Parish argues, however, that although the tax ordinances do not specifically so state, a further consequence of a dealer’s failure to pay within this 15-day period after mailing of the notice of assessment is the complete and final loss of his right, under Section 11.01 of the ordinances, to pay the assessed amount under protest and proceed to contest the assessment’s validity. This is the Parish’s argument, despite the fact that Section 11.01 itself sets no time limits upon exercise of this right. The Parish argues that the right granted in Section 11.01 must be implicitly limited by the 15-day period of Section 9.18, or the latter section would be rendered ineffective.
*295 We find no merit in this argument. Failure to comply with the provisions of Section 9.18 results in a clearly stated consequence to the dealer; namely, a penalty of 5% and the possibility of seizure and sale of his property. Assertion of the right granted under Section 11.01 after the 15-day period has passed in no way shelters a dealer from imposition of these penalties.
The Parish further argues that it is entitled to look to the State statutes dealing with the collection of taxes by the state, and to apply provisions found there to limit the right granted in Section 11.01. Specifically, the Parish relies on Section 12.10[6] of the Parish ordinances and LSA-R.S. 33:2841[7], which authorizes political corporations to enforce the collection of any taxes due them, “within the time and in the manner provided for the collection of taxes due to the state.” The Parish argues that these provisions authorize the limiting of the right granted in Section 11.01 by analogous reference to LSA-R.S. 47:1561[8] and 1576[9].
*296 Rather than go into the intricacies of the Parish’s argument, suffice it to say that while we concede that the Parish is entitled, under Section 12.10 and R.S. 33:2841, to utilize any enforcement procedure for collection of taxes outlined in the statutes, these provisions cannot be construed as authority for the adoption of Title 47 in toto.
Section 11.01 is one of four sub-sections in the Parish ordinances under the heading, “Remedies of the Dealer.” Section 11.04 provides that:
“If any dealer shall be aggrieved by any finding or assessment of the Treasurer, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the Treasurer shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for non-payment, nor shall it stay the right of the Treasurer to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the Treasurer. Appeals from the decision of the Treasurer shall be direct to any State, City or Federal Court of competent jurisdiction as provided for in Section 11.02.”
Section 11.02 provides that:
“This section shall afford a legal remedy and right of action in any State, City or Federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this ordinance, as to the legality of any tax accrued or accruing or the method of enforcement thereof ...”
Since the Parish specifically limited the dealer’s remedy of a hearing, granted in Section 11.04, to a 30-day time period following receipt of notice of assessment, we find it quite reasonable to assume that had the Parish intended a similar time limitation on exercise of the remedy granted in Section 11.01, it would have done so.
Additionally, the Parish argues that Section 9.18 would be rendered ineffective if the right granted in Section 11.01 can be asserted more than 15 days after notice of an assessment is received by a dealer. We could not accept this argument and also find place in the ordinance scheme for Section 11.04, which grants to a dealer the right to litigate the merits of an assessment more than 15 days after notice of an assessment is received.
For these reasons, we find manifest error in the trial court’s conclusion that as a matter of law, Amoco was barred from paying the assessments under protest pursuant to Section 11.01 and asserting a defense on the merits of the assessments.
ASSIGNMENTS OF ERROR NOS. 2, 3 AND 4
Having determined that the motion for summary judgment was improperly granted, we proceed to address Amoco’s remaining assignments of error. Assignments of error numbers two and three deal with the merits of Amoco’s defense. As we have determined to remand the cases to the court below, we find no need to discuss in detail the issues raised. However, we note that the trial court’s remarks on the merits of Amoco’s defenses were mere dicta, given that his granting of the motion for summary judgment was on other grounds.
In assignment of error number four, Amoco contends that the trial court erred *297 in failing to grant it a continuance under LSA-C.C.P. art. 967[10]. As we have found error in the trial court’s granting of the motion for summary judgment, and remand for further proceedings on the merits, we need not address this issue.
For the foregoing reasons, the judgment of the trial court granting plaintiffs’ motion for summary judgment against Amoco in the amounts of $1,322,987.38 and $373,-743.36 is herein reversed and these cases remanded to the trial court for further proceedings according to law and consistent with the views herein expressed; all other portions of the judgment are affirmed. Plaintiffs-appellees are cast for all costs in connection with the motion for summary judgment, in the amount of $664.50. Assessment of all other costs is to await final determination of the litigation.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

. The ordinance provisions with which we are concerned are identical.

. We note that there appears to be an overlap of two (2) months between assessment one (1) and assessment two (2).

. The Parish filed suit on a third assessment as well, but that suit is not at issue here as Amoco eventually paid the assessed amount unconditionally.

. Section 11.01 provides, in pertinent part:
"A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the Treasurer and shall give the Treasurer notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the Treasurer for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit ...”

. In full, Section 9.19 provides as follows:
"If any dealer against whom taxes have been assessed under the provisions of this ordinance, shall refuse or neglect to pay such taxes within the time prescribed in this ordinance, it shall be lawful for the Treasurer, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by dis-traint and sale of any property or rights to property belonging to the delinquent dealer.”

. Section 12.10 provides in full, as follows:
"Nothing in this ordinance shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the Police Jury of the Parish of Pointe Coupee of any remedy for the enforcement of this ordinance through any procedure or remedies expressly provided in this ordinance imposing the tax herein levied or in any other law, nor shall this ordinance be construed as repealing or altering any such laws or ordinance.”

. LSA-R.S. 33:2841 provides, in full, as follows:
"A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state.”

. LSA-R.S. 47:1561 provides, in full, as follows:
“In addition to following any of the special remedies provided in the various chapters of this subtitle, the collector may, in his discretion, proceed to enforce the collection of any taxes due under this subtitle by means of any of the following alternative remedies or procedures:
(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.
(2) Summary court proceeding, as provided in R.S. 47:1574.
(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector, provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:1576 except (a) after he has filed a petition with the board of tax appeals for a redetermination of the assessment, or (b) when an assessment for the tax in question has become final or (c) when a suit involving the same tax obligation is pending against him; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.”

.LSA-R.S. 47:1576 provides, in full, as follows:
"A. Any taxpayer protesting the payment of any amount found due by the secretary of the Department of Revenue and Taxation, or the enforcement of any provision of the tax laws in relation thereto, shall remit to the Department of Revenue and Taxation the amount due and at that time shall give notice of intention to file suit for the recovery of such tax. Upon receipt of this notice, the amount remitted shall be placed in an escrow account and held by the secretary or his duly authorized representative for a period of thirty days. If suit is filed for recovery of the tax within the thirty-day period, the funds in the escrow account shall be further held pending the outcome of the suit. If the taxpayer prevails, the secretary shall refund the amount to the claimant, with interest at the rate of one and one-quarter percent per month from the date the funds were received by the Department of Revenue and Taxation to the date of such refund.
B. This Section shall afford a legal remedy and right of action in any state court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the secretary shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
C. This Section shall be construed to provide a legal remedy in the state courts in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of Louisiana.
*296 D. Upon request of a taxpayer and upon proper showing by such taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the decision of the courts, may remit the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be placed in an escrow account and held by the secretary until the question of law involved has been determined by the courts and shall then be disposed of as therein provided."

. LSA-C.C.P. art. 967 provides in pertinent part:
"... If it appears from the affidavits of a party opposing the motion [for summary judgment] that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”