L.SOL GOTHARD, Judge.
The plaintiff, Shell Oil Co. (“Shell”), appeals the judgment of the trial court denying its motion for summary judgment and granting the motion for summary judgment filed by defendants, St. Charles Parish School Board and R.J. Lorio, Director of Tax Collection, St. Charles Parish School Board, Sales & Use Tax Department (“St.Charles”). For the following reasons, we affirm in part and reverse in part the decision of the trial court.
This suit arose out of an assessment made on Shell by St. Charles, subsequent to Shell’s filing of an amended tax return *130 in 2001. With this amended return, Shell remitted an additional $267,876.19 in tax payments. St. Charles assessed penalties of $68,592.67 (25% of tax) and interest of $81,622.40 (12% per annum), resulting in a total payment of $146,165.53. Shell paid $102,561.62 on December 13, 2001, but refused to pay the excess on the grounds that it represented excessive interest and penalties under La. R.S. 33:2746 and the Louisiana Supreme Court decision in Elevating Boats, Inc., v. St. Bernard Parish, 2000-3578 (La.9/5/01), 795 So.2d 1153. Shell paid the remaining amount of | s$43,603.91 under protest on January 29, 2002; and filed its petition for refund on February 22, 2002. St. Charles filed an answer and reconventional demand on March 25, 2002, requesting an additional 10% in attorney fees. The parties filed cross motions for summary judgment.
After a hearing in July of 2002, the trial court denied Shell’s motion for summary judgment and granted St. Charles’ motion, dismissing Shell’s claims and transferring the funds deposited by Shell, together with interest earned on the deposit, to St. Charles. The trial court further granted judgment in favor of St. Charles for attorney’s fees of ten percent (10%). In his reasons, the trial judge stated that:
The total charges assessed against Shell rest on the Parish’s authority under the penalty provisions of Title 47 in conjunction with La. R.S. 33:2841. Therefore, the Elevating Boats decision does not apply. Furthermore, the Court finds that the Parish both has the right and is entitled to an award of reasonable attorney fees in this matter as similarly decided in Steve-Woodard (sic). (Cited infra.) ■
In this appeal, Shell argues that the trial court erred in not applying the decision of Elevating Boats, Inc., and in failing to find that the interest and penalties assessed exceeded the maximum allowed by law. Although the issue of attorney’s fees is not specifically designated as error, Shell does contend in brief that “the amount sought by the Defendant in additional interest, penalties and attorney’s fees exceeded the amount allowed under the law.”
St. Charles responds that Elevating Boats, Inc. is inapplicable to this case, as it merely held that La. R.S. 33:2746 super-ceded a parish ordinance, and that R.S. 33:2746 was not at issue in the present case. Furthermore, under La. R.S. 33:2841[1], local subdivisions may apply La. R.S. 47:1601, La. R.S. 47:1602, La. R.S. 47:1605, La. R.S. 47:1512, as St. Charles did in this case.
RLa. R.S. 33:2746 provides:
Upon local taxes not paid and delinquent thirty days after the date upon which the tax is due, there shall be an interest penalty of one and one-quarter percent per month on the amount of the tax due, which shall be collected by the tax recipient body, together with and in the same manner as the tax.
In Elevating Boats, Inc., the court considered a St. Bernard Parish Sales and Use Ordinance that provided for a 6% annual interest penalty, a one time delinquency penalty of 25%, and attorney’s fees of 10%. The court noted that the La. R.S. 33:2746 “sets the maximum allowable burden for delinquent taxes.” Thus, the assessment under the Parish Ordinance was excessive. The Court then remanded the *131 matter to the district court for a determination of the exact amount due.
In Stowe-Woodard Co. v. Lincoln Parish School Board, 36,100 (La.App. 2nd Cir.6/14/02), 821 So.2d 694, writ denied, 2002-2389 (La.11/22/02), 829 So.2d 1049, the court found that La. R.S. 47:1512 allows a political entity to collect attorney’s fees of 10% in addition to a maximum interest and penalty of 15%.
R.S. 47:1512 provides:
The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Subtitle, or to represent him in any proceeding under this Subtitle. If any taxes, penalties, or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten pereentum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
The Stowe-Woodard court noted that: This provision was not addressed by the court in Elevating Boats, but clearly it provides for the award of attorney fees in addition to the interest penalty set forth in La. R.S. 33:2746, which makes no mention of attorney fees. Moreover, La. R.S. 47:1512 provides for attorney fees whether incurred in a collection case or in defense of a taxpayer’s suit for a refund. The award of attorney fees by the trial court is permissible under La. R.S. 47:1512. (Citations omitted).
| KIn the case before us, the trial court assessed interest of 15% per annum, a penalty of 25%, and attorney’s fees of 10%. The court noted that it was assessing the penalties under the provisions of Title 47, in conjunction with R.S. 33:2841, and that La. R.S. 33:2746 and the decision of Elevating Boats, Inc. was not applicable. The court also noted that the award of attorney fees was supported by the decision in Stowe-Woodard.
We disagree with the trial court’s assessment that La. R.S. 33:2841 allows a local taxing authority to utilize all of Title 47 relating to state and sales use tax, and thereby ignore the provisions of La. R.S. 33:2746. La. R.S. 33:2746 clearly limits the interest and penalty that a local taxing authority can assess against the delinquent payment of sales and use taxes. The trial court’s ruling renders R.S. 33:2746 superfluous, a result clearly not compatible with our rules of statutory construction. See, Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122.
Nevertheless, we do believe that the trial court did not err in assessing attorney’s fees of 10%, in addition to any interest and/or penalties. As the court in Stowe-Woodard noted, La. R.S. 33:2746 does not address attorney’s fees, and thus does not prohibit the assessment of those fees in addition to interest penalties.
We are mindful of the Third Circuit’s rulings in the cases of Anthony Crane Rental, L.P. v. Fruge, 2002-0635 (La.App. 3rd Cir.12/11/02), 833 So.2d 1070, writ of review granted, 2003-0115 (La.3/28/03, 842 So.2d 1082), and Unwired Telecom v. Parish of Calcasieu, 2002-839 (La.App. 3rd Cir.2/5/03), 838 So.2d 854. In both decisions, the court stated that, while it agreed with Stowe-Woodard, supra, concerning the Louisiana Supreme Court’s failure to address attorney’s fees, it felt constrained to follow Elevating Boats, Inc., and it declined to affirm an assessment for additional attorney’s fees. We do not agree with the Third Circuit, and we believe that the award of an additional 10% in attorney’s fees is not prohibited.
| (Accordingly, we reverse that portion of the trial court’s decision that awards inter *132 est of 15% per annum and a penalty of 25%, and we find that the interest and penalties combined may not exceed 15% of the delinquent tax. We affirm that portion of the decision that awards attorney’s fees of 10% of the taxes, penalties and interest owed. The costs of this appeal are assessed equally between the parties.

REVERSED IN PART; AFFIRMED IN PART.

. R.S. 33:2841 provides that "A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state.”