859 So.2d 631 (2003)
ANTHONY CRANE RENTAL, L.P.
v.
Rufus FRUGE, Jr., Director of Calcasieu Parish Sales & Use Tax Dept.
No. 2003-C-0115.
Supreme Court of Louisiana.
October 21, 2003.
Rehearing Denied December 12, 2003.
*632 Toni L. Petrofes, Russell J. Stutes, Jr., John M. Veron, Jr., John C. Guillet, Scofield, Gerard, Veron, Singletary & Pohorelsky, Lake Charles, Counsel for Applicant.
David R. Cassidy, David R. Kelly, Breazeale, Sachse & Wilson, Baton Rouge, Counsel for Respondent.
Robert F. Mulhearn, Jr., and Robert R. Rainer, Baton Rouge, Counsel for amici curiae Ascension Parish Sales and Use Tax Collection, Caddo Parish Sales and Use Tax Collection, Livingston Parish Sales and Use Tax Collection, St. Mary Parish Sales and Use Tax Collection, West Baton Rouge Sales and Use Tax Collection.
James M. Wooderson, Lafayette, Counsel for amicus curiae Lafayette Parish School Board.
Lea Anne Batson, Baton Rouge, Counsel for amicus curiae City of Baton Rouge, East Baton Rouge Parish.
Andrew A. Lemmon, New Orleans, Roy M. Lilly, Jr., Minden, Johnette L. Martin, Houma, Counsel for amici curiae St. Charles Parish School Board, and St. John the Baptist Parish School Board, Plaquemines Parish Government.
Margaret H. Kern, Covington, Counsel for amicus curiae Rodney Strain, Jr.
John A. Gallagher, Jr., Baton Rouge, Counsel for amicus curiae Louisiana Municipal Association.
KIMBALL, Justice.
In this case, we are asked to reconsider our holding in Elevating Boats v. St. Bernard Parish, 00-3518 (La.9/5/01), 795 So.2d 1153, that a local taxing authority's combined interest, penalties and attorney fees assessment against delinquent taxes cannot exceed the 15% interest penalty provision of La. R.S. 33:2746. For the reasons that follow, after considering the language in La. R.S. 33:2841 and La. R.S. 33:2746 and the legislative history of the statutes, we hold that local taxing authorities are authorized to impose, through proper elections, 15% interest, 25% penalties and 10% attorney fees on delinquent taxes. Any holding in Elevating Boats to the contrary is hereby overruled.

FACTS AND PROCEDURAL HISTORY
Anthony Crane Rental, L.P. (ACR), is a Pennsylvania limited partnership that operates a crane rental business with an office in Westlake, Louisiana, in Calcasieu Parish. Through this office, ACR leases cranes, purchased outside of Louisiana, to companies in the State. ACR was audited by the Calcasieu Parish School System Sales and Use Tax Department (the Department) for the period covering January 1, 1995 through June 30, 1998, and was *633 assessed sales and use taxes for the cranes. ACR protested the assessment, but was denied relief. ACR then paid, under protest, the Department's final assessment of February 25, 2000, and filed a Petition for Refund to recover the amounts, essentially arguing that the cranes were excluded from taxation, that certain statutes relating to taxation were unconstitutional, that if it were liable for the taxes the Department failed to apply a mandated credit, and that the interest charged by the Department was excessive. The Department answered and requested attorney fees as provided by law. Cross motions for summary judgment were filed by both parties.
After a hearing in April 2001, the trial court denied ACR's motion for summary judgment and granted the Department's motion for summary judgment ordering that ACR pay taxes, interest, penalties and attorney fees of 10% up to a maximum of $60,000.00. The original judgment assessed interest at the rate of 15% per annum, penalties in the amount of 25% of the outstanding tax, and attorney fees under Calcasieu Parish School Board Sales Tax Ordinance section 6.09.[1] ACR filed a Motion for New Trial, which was granted only on the issue of attorney fees, interest and penalties. The trial court ruled that the combined interest and penalties charged by the Department could not exceed 15%, citing Elevating Boats, a case in which this court held that a Parish's combined interest, penalties and attorney fees cannot exceed the 15% interest penalty permitted by La. R.S. 33:2746 when collecting delinquent sales and use taxes. However, the trial court allowed the stipulation of 10% attorney fees the parties entered into prior to judgment to stand. Both parties appealed.
The Third Circuit Court of Appeal affirmed the district court judgment in part, reversed in part and remanded the case for further proceedings. See Anthony Crane Rental, L.P. v. Fruge, 02-0635 (La. App. 3 Cir. 12/11/02), 833 So.2d 1070. Specifically, the court of appeal affirmed the trial court's grant of summary judgment in favor of the defendant, Rufus Fruge, Jr., Director of Calcasieu Parish Sales and Use Tax Department, finding that ACR, was subject to its sales and use tax and was not entitled to a credit. However, the court of appeal reversed the trial court's judgment regarding penalties, holding that the combined interest, penalties and attorney fees award was not to exceed the 15% interest penalty permitted by La. R.S. 33:2746. Thus, the court of appeal held that the trial court, under Elevating Boats, should have abated the attorney fee award to *634 bring the combined interest, penalties and attorney fees award to 15%. Accordingly, the court of appeal remanded the case to the trial court for a determination of the exact amount owed in penalties.
On the application of Director Fruge on behalf of Calcasieu Parish, we granted certiorari to reconsider our holding in Elevating Boats regarding La. R.S. 33:2746. See Anthony Crane Rental, L.P. v. Fruge, 03-0115 (La.3/28/03), 842 So.2d 1082.

LAW AND DISCUSSION
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. Touchard v. Williams, 617 So.2d 885 (La.1993). In Elevating Boats, this court addressed the conflict between St. Bernard Parish's local ordinance imposing a 25% penalty and 10% attorney fees and La. R.S. 33:2746, which provides for a 15% interest penalty for the nonpayment of tax. Based only on the language of the statute itself, we interpreted La. R.S. 33:2746 as setting a 15% cap on the combined interest, penalties and attorney fees that a local taxing authority can assess on the collection of delinquent taxes.
Under the general rules of statutory construction, courts begin with the premise that legislation is the solemn expression of legislative will and, therefore, the interpretation of a law involves, primarily, the search for the legislature's intent. La. Civ. C. art. 1; Falgout v. Dealers Truck Equipment Co., 98-3150, p. 2 (La.10/19/99), 748 So.2d 399, 401 (citing Fontenot v. Chevron U.S.A. Inc., 95-1425, p. 6 (La.7/2/96), 676 So.2d 557, 562). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ. C. art. 9; Falgout, 98-3150 at p. 2, 748 So.2d at 401 (citing Breaux v. Hoffpauir, 95-2933, pp. 2-3 (La.5/21/96), 674 So.2d 234, 236).
Further, it is a well-recognized and long-established rule of statutory construction that statutory provisions should be construed along with the remainder of the statute, and all statutes on the same subject matter should be read together and interpreted as a whole to effect the legislative intent and should be construed in such a way as to reconcile, if possible, apparent inconsistencies or ambiguities so that each part is given effect. Comm-Care Corp. v. Bishop, 96-1711 (La.7/1/97), 696 So.2d 969. Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. In re Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1129 (citing First Nat'l Bank of Boston v. Beckwith Mach. Co., 94-2065 (La.2/20/95), 650 So.2d 1148). It is presumed that the intention of the legislative branch is to achieve a consistent body of law. Boyter, 99-0761 at p. 9, 756 So.2d at 1130 (citing Stogner v. Stogner, 98-3044, p. 2 (La.7/7/99), 739 So.2d 762).
The starting point for the interpretation of any statute, then, is the language of the statute itself. Touchard v. Williams, 617 So.2d at 888. In this case, the two statutes at issue are La. R.S. 33:2841 regarding the collection of taxes and La. R.S. 33:2746 regarding the penalty for nonpayment of taxes.
La. R.S. 33:2841
The Department argues that in deciding Elevating Boats, wherein this court held that under La. R.S. 33:2746, a Parish's combined interest, penalties and attorney fees on delinquent taxes could not *635 exceed 15%, this court failed to consider the provisions of La. R.S. 33:2841.
La. R.S. 33:2841 provides:
A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due to the state.
Specifically, the Department argues that the phrase "within the time and in the manner provided for the collection of taxes due to the state" authorizes municipalities to collect local taxes using the same enforcement remedies available to the State of leveling 15% interest per year,[2] 25% penalties[3] and 10% attorney fees[4] on delinquent taxes. Accordingly, the Department contends that the voters of Calcasieu Parish, by the authority of La. R.S. 33:2841, enacted Calcasieu Parish School Board Ordinance § 6.09, which adopted the same remedies utilized by the State for the collection of interest, penalties and attorney fees.[5] Conversely, ACR argues *636 that the phrase "within the time and in the manner provided for the collection of taxes due to the state" applies only to the assessment and collection procedures utilized by the State, set forth in La. R.S. 47:1561, et seq and not the State's interest and penalty provisions, set forth in La. R.S. 47:1602, et seq.
Initially, in considering the legislature's reasons in enacting La. R.S. 33:2841 to determine the scope of the statute, it is helpful to consider the development of the statute in the legislative history. Enacted as Acts 1882 No. 119 § 1, La. R.S. 33:2841's original language gave municipalities the authority to enforce the collection of taxes due within the "time and in the manner" provided to the State. Thus, as can be seen, the pertinent language of La. R.S. 33:2841 has been virtually unchanged since 1882.
This court has long interpreted the words "manner" and "procedure" synonymously, defining "manner" as "a course or mode of action; procedure." See Fegan v. Lykes Bros. S.S. Co., 198 La. 312, 320, 3 So.2d 632, 635 (1941). Thus, while the Department is entitled under La. R.S. 33:2841 to utilize any enforcement procedure for collection of taxes outlined in the statutes, the use of the phrase "time and in the manner" cannot be construed, as the Department contends, as authority for the adoption of Title 47 in toto. See also, Shell Oil Co. v. St. Charles Parish School Bd., 03-116, p. 5 (La.App. 5 Cir. 5/28/03), 848 So.2d 129, 131; Way v. Andries, 02-0057, p. 5 (La. 3 Cir. 6/5/02), 819 So.2d 465, 469; Pointe Coupee Parish v. Amoco Production Co., 472 So.2d 292, 296 (La.App. 1 Cir.), writ denied, 475 So.2d 1107 (La. 1985).
While ACR's argument regarding the interpretation of La. R.S. 33:2841 and La. R.S. 33:2746 seems plausible at first blush when reading the statutes in isolation, it is the duty of this court to consider the context of the statutes as whole in relation to the entire statutory scheme. Such a reading shows that the legislative history regarding sales and use tax is helpful in resolving the ultimate question in this matter.
A general sales tax was first authorized for municipalities in 1950. La. R.S. 33:2711-2715, enacted as Act 285 of 1950, authorizes any local taxing authority to levy and collect a sales tax of one percent, provided the tax is approved by a majority vote of the electors of the local taxing authority and the use of the proceeds is limited to the purposes specified in submitting the proposition to the voters. Bennet, "Louisiana Revised Statutes of 1950" 11 La. L.Rev. 4, 63 (1950).
Importantly, for purposes of the matter at hand, Act 285 of 1950 gave to local taxing authorities the authorization to implement sales and use taxes in accordance with the procedures, definitions and exemptions set forth in Title 47 sections 301-317.[6] While most of the provisions in *637 La. R.S. 47:301-317 deal with definitions, exemptions and exclusions, and other such procedural matters, La. R.S. 47:312 and 47:314 provide for penalties for failure to pay taxes. La. R.S. 47:312 provides:
The failure of any dealer to pay the tax and any interest, penalties, or costs due under the provisions of this Chapter on any tangible personal property imported from outside the state for use, consumption, distribution or storage to be used in this state, or imported for the purpose of leasing or renting the same, shall make the tax, interest, penalties, or costs ipso facto delinquent. This failure shall moreover be a sufficient ground for the attachment of the personal property imported wherever it may be found, whether the delinquent taxpayer is a resident or nonresident, and whether the property is in the possession of the delinquent taxpayer or in the possession of other persons.
It is the intention of this law to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this Chapter, together with interest, penalties and costs, and authority to attach is hereby specifically granted to the collector. The procedure prescribed by law in attachment proceedings shall be followed except that no bond shall be required of the State. (emphasis added).
La. R.S. 47:314 provides:
Failure to pay any tax due as provided in this Chapter shall ipso facto, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent, and the collector has the authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two or more than ten days, exclusive of holidays, why the dealer should not be ordered to cease from further pursuit of business as a dealer. This rule may be tried out of term and in chambers, and shall always be tried by preference. If the rule is made absolute, the order rendered thereon shall be considered a judgment in favor of the state, prohibiting the dealer from the further pursuit of said business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law. For the purpose of the enforcement of this Chapter and the collection of the tax levied hereunder, it is presumed that all tangible personal property imported or held in this state by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in this state, or leased or rented within this state, and is subject to the tax herein levied; this presumption shall be prima facie only, and subject to proof furnished to the collector. (emphasis added).
In this case, Act 285 of 1950 clearly provides municipalities with the authority, through proper elections, to levy and collect *638 sales and use taxes in accordance with the definitions, practices and procedures of 47:301 through 47:317. La. R.S. 33:2713. By authorizing the local taxing authorities to utilize both the "practices" and "procedures" as set forth in La. R.S. 47:301-317, the legislature, through Act 285, has empowered local taxing authorities to employ the customary actions, or "practices," and the modes of enforcement, or "procedures," enjoyed by the State in levying and collecting sales and use taxes. The provisions of La. R.S. 47:312 and 47:314 provide that interest, penalties and costs "due under the provisions of this Chapter" are imposed as a practice for failure to pay taxes when due under Title 47. Thus, by reading the statutes as a whole, La. R.S. 33:2711-2715 provide municipalities with the authority, through proper elections, to impose the interest, penalties and attorney fees set forth in La. R.S. 47:1601, 47:1602 and 47:1512 on delinquent taxes.
La. R.S. 33:2746 and Elevating Boats
However, the inquiry is not over, as, under the rules of statutory construction, the interest, penalties and attorney fees provisions of Title 47 must be examined together with La. R.S. 33:2746 for any conflicts that may exist keeping in mind that specific provisions should control over more generalized provisions. State in the Interest of A.C., 93-1125 (La.01/27/94), 643 So.2d 719, 730. La. R.S. 33:2746 provides:
Upon local taxes not paid and delinquent thirty days after the date upon which the tax is due, there shall be an interest penalty of one and one-quarter percent per month on the amount of the tax due, which shall be collected by the tax recipient body, together with and in the same manner as the tax.
As originally enacted by Acts 1882 No. 109 § 2, La. R.S. 33:2746 provided:
That upon municipal taxes not paid and delinquent thirty (30) days after the completion of the tax bills, there shall be and is hereby imposed an interest penalty of ten (10) per cent. per annum on the amount of tax due, which shall be collected by the municipal corporation, together with and in the same manner as the tax.
As can be seen, the original language of R.S. 33:2746 authorized the local municipalities to levy an "interest penalty" on delinquent taxes and the only substantive change to the statute has been the amount of the interest penalty. The 1982 legislative history details the increase of this "interest penalty" to its present amount of 15% was in response to the high interest lending institutions were paying at that time. Act No. 853, Regular Sess., Digest (1982).[7] Thus, in 1982, at least, the legislature believed that the "interest penalty" provision of R.S. 33:2746 was meant to be applicable to interest only; that is, as a remedy to make the state whole and not as a punishment to discourage a particular activity.
In Elevating Boats, this Court addressed the conflict between St. Bernard Parish's local ordinance imposing a 25% penalty and 10% attorney fees and La. R.S. 33:2746, which provides for a 15% interest penalty for the nonpayment of tax and interpreted La. R.S. 33:2746 as follows:
We find that the Parish's combined interest, penalty, and attorney fees cannot exceed the 15% interest penalties permitted by La.Rev.Stat. § 33:2746. Just *639 as the parish ordinance cannot be less beneficial to the taxpayer than a state statute regarding refunds, it similarly cannot be more burdensome regarding delinquencies. In this case, the Parish ordinance permits a 6% per annum interest charge, a 25% maximum delinquency penalty geared to the length of delay, and a 10% attorney fee in the event of a lawsuit. The state statute, on the other hand, permits only a 15% annual "interest penalty" (1-1/4% per month). We find that the Parish ordinance's increased burden on the taxpayer is impermissible and that the state statute's 15% interest penalty sets the maximum allowable burden for delinquent taxes.
00-3518 at p. 32, 795 So.2d at 1174. This court went on to conclude that "the Parish's combined interest, penalty, and attorney fees cannot exceed the 15% interest penalties permitted by La. R.S. 33:2746." In so holding, this court read a requirement into the statute that did not exist; namely, that penalties and attorney fees must be calculated as part of the 15% interest penalty provision of R.S. 33:2746 when the legislative history shows that the provision is intended to apply to interest only.
Therefore, the provisions of R.S. 33:2746, as the provision specific to the local taxing authorities, must be meshed with the interest provision of Title 47 to give effect to the statutes as a whole. In this case, there is no conflict between the 15% interest provision of La. R.S. 33:2746 and the 15% interest provision of La. R.S. 47:1601.
Accordingly, local taxing authorities are authorized to impose, through proper elections, a 15% interest penalty under La. R.S. 33:2746 and, in addition, 25% penalties and 10% attorney fees as set forth in La. R.S. 47:1602 and 47:1512 on delinquent taxes.

CONCLUSION
After considering the language in La. R.S. 33:2841 and La. R.S.33:2746 and the legislative history of the statutes, we hold that local taxing authorities are authorized to impose, through proper elections, a 15% interest penalty under La. R.S. 33:2746 and, in addition, 25% penalties and 10% attorney fees as set forth in La. R.S. 47:1602 and 47:5712 on delinquent taxes. Any holding in Elevating Boats v. St. Bernard Parish, 00-3518 (La.9/5/01), 795 So.2d 1153 to the contrary is hereby overruled.

DECREE
For the foregoing reasons, we reverse the court of appeal's judgment regarding the assessment of interest, penalties and attorney fees and remand to the district court for a determination of the precise amount of sales and use taxes, interest, penalties and attorney fees owed by Anthony Crane Rental L.P. consistent with this opinion.
COURT OF APPEAL JUDGMENT REVERSED IN PART; CASE REMANDED TO THE DISTRICT COURT.
NOTES
[1] Calcasieu Parish Ordinance § 6.09 provides:

If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected with said tax, interest upon said unpaid amount at the rate of one and one-quarter (1-1/4%) percent per month, or fractional part thereof. In addition, there shall be collected a penalty equivalent to five (5%) percent per month, or fraction thereof, not to exceed twenty-five (25%) in aggregate, of the tax due, when such tax is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due. Both interest and penalty will be computed from the first day of the month next following the month for which the tax is due. In the event of suit, attorney's fees will be charged the dealer at the rate of ten (10%) percent of the aggregate of the tax, interest and penalty. All interest and penalties due for subsequent months will be assessed and due as of the first day of each succeeding month. The Collector is authorized to employ private counsel to assist in the collection of any sales and use taxes, penalties or interest due under this Ordinance, or to represent him in any proceeding under this Ordinance.
[2] La. R.S. 47:1601, which provides:

A. When any taxpayer fails to pay a tax, or any portion thereof, on or before the day where it is required to be paid under the provisions of this Subtitle, interest at the rate of one and one-quarter percent per month shall be added to the amount of tax due and such interest shall be computed from the due date until the tax is paid. However, in the case of a waiver of restrictions and delays as provided for in R.S. 47:1565.1, if the taxpayer pays the tax due within ten days after the notice of assessment is mailed to him, the one and onequarter percent per month interest shall be computed to the thirtieth day after the filing of such waiver or to the date the deficiency is paid, whichever is earlier. The interest provided for herein shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced in a separate action or in the same action for collection of the tax and shall not be waived or remitted.
[3] La. R.S. 47:1602, which provides, in pertinent part:

A. When any taxpayer fails to make and file any return required to be made under the provisions of this Subtitle before the time that the return becomes delinquent or when any taxpayer fails to timely remit to the secretary of the Department of Revenue the total amount of tax that is due on a return which he has filed, there shall be imposed, in addition to any other penalties provided, a specific penalty to be added to the tax.
(1) In the case of a failure to file a tax return or of the filing of a return after the return becomes delinquent, the specific penalty shall be five percent of the total tax due on the return if the failure or delinquency is for not more than thirty days, with an additional five percent for each additional thirty days or fraction thereof during which the failure or delinquency continues, not to exceed twenty-five percent of the tax in the aggregate.
[4] La. R.S. 47:1512, which provides:

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
[5] Calcasieu Parish School Board Ordinance § 6.09 provides:

If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected with said tax, interest upon said unpaid amount at the rate of one and one-quarter (1-1/4%) percent per month, or fractional part thereof. In addition, there shall be collected a penalty equivalent to five (5%) percent per month, or fraction thereof, not to exceed twenty-five (25%) in aggregate, of the tax due, when such tax is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due. Both interest and penalty will be computed from the first day of the month next following the month for which the tax is due. In the event of suit, attorney's fees will be charged the dealer at the rate of ten (10%) percent of the aggregate of the tax, interest and penalty. All interest and penalties due for subsequent months will be assessed and due as of the first day of each succeeding month. The Collector is authorized to employ private counsel to assist in the collection of any sales and use taxes, penalties or interest due under this Ordinance, or to represent him in any proceeding under this Ordinance.
[6] La. R.S. 33:2712 provides:

Said sales tax shall be imposed by an ordinance of the governing body and shall be levied upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the municipality, all as presently defined in R.S. 47:301-47:317, provided however that the ordinance imposing said tax shall be adopted by the governing body only after the question of the imposition of such a tax shall have been submitted to the qualified electors of the municipality at an election to be conducted in accordance with the general election laws of the state of Louisiana, and the majority of those voting in said election shall have voted in favor of the adoption of such ordinance.
La. R.S. 33:2713 provides:
Said tax shall be in addition to all other taxes and shall be collected at the same time and in the same manner and pursuant to the definitions, practices and procedure set forth in R.S. 47:301 through 47:317.
[7] While the Digest does not form part of the law, it is prepared together with proposed legislation and, in this case, it serves to elucidate the understanding and intent of the legislators. See Falgout v. Dealers Truck Equipment Co., 98 3150 p. 11 n. 7 (La.10/19/99), 748 So.2d 399, 407 n. 7.