Dear Assistant District Attorney Hall:
Our office is in receipt of an opinion request from you regarding issues that have arisen in reference to a contract between the Parish of St. Tammany and Acadian Ambulance Service, Inc. ("Acadian").
Your letter provides that Acadian has an existing contract with the St. Tammany Parish Government for the exclusive provision of emergency and non-emergency ambulance service within the geographical boundaries of the defined "Service Area," which includes an area of Fire Protection District 11 ("FPD 11") that is located in unincorporated St. Tammany Parish and outside of the Town of Pearl River. Your letter also indicates that, pursuant to the provisions in La.R.S. 33:9101, the St. Tammany Parish Government created a 911 Communications District. The Parish's agreement with Acadian provides that "The Parish shall instruct and inform all interested parties (including parish 911 director, etc.) that Acadian shall be the exclusive ambulance service for all emergency (911 and other) and non-emergency ambulance transportation within the geographical boundaries of the Service Area." *Page 2 
Further, you provide that when a call is received by the 911 Dispatcher involving a medical emergency, the dispatcher immediately calls Acadian and inputs the information into the computer for providing a "Quick Send," which you describe as an e-mail notification to a First Responder. You provide that in the case of FPD 11, the Quick Send goes to the Slidell Fire Department Dispatcher, who then dispatches FPD 11, and that approximately three minutes after the 911 Dispatcher receives the call, FPD 11 is dispatched.
Prior to April 2007, when FPD 11 was dispatched via a Quick Send message as a First Responder, FPD 11 rendered medical assistance until Acadian arrived to transport the patient. The website for FPD 11 provides that on April 1, 2007, they began providing emergency advanced life support ambulance service with a fleet of three ambulances and claim an average response time of 3 minutes and 26 seconds.
Your letter specifically asks us to address the following questions:
 (1) Does the Parish, pursuant to the terms of its exclusive provider contract with Acadian, and the express provisions of R.S. 33:4791.1(B)(5), have the authority to require the 911 Communications District to continue dispatching Acadian in the FPD 11 area that is covered by the exclusive provider contract?
La.R.S. 33:4791.1(B)(5) provides:
 B. Every municipality or other local governing authority may protect the public health, safety, and welfare by licensing, controlling, and regulating by ordinance or resolution privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations within the jurisdiction of the municipality or other local governing authority. Every municipality or other local governing authority is empowered to regulate the following:
 (5) Limited or exclusive access by such ambulance service for the provision of emergency medical services to the 911 or other emergency communications dispatch of the municipality or other local governing authority.
This statute allows for a municipality to enter into a contract with a private ambulance service for exclusive access for the provision of medical services to the 911 or other communications dispatch of the municipality.[1] Your letter indicates that the Parish has done so, with Acadian Ambulance, and that this contract grants Acadian Ambulance the *Page 3 
exclusive right to provide emergency and non-emergency medical services to an area which includes FPD 11.
Your letter provides that Acadian's contract requires it to meet specific standards for response times, and that they have consistently met the response times required by the contract. Upon review of the contract, this allows for the response time to be between sixteen and twenty-one minutes for the area in question. FPD 11 has a reported average response time of under three and a half minutes for this area.
The Parish, pursuant to a contract it was statutorily authorized to execute, has the authority to require the 911 Communications District to continue dispatching Acadian in the FPD 11 area that is covered by the exclusive provider contract. According to the terms of the contract between the Parish and Acadian, Acadian "shall provide exclusive emergency and non-emergency Advanced Life Support and Basic Life Support ambulance service for the duration of this agreement within the geographical boundaries of the Service Area." The Parish, according to La.R.S. 33:4791.1, has the authority to execute a contract whereby Acadian is the exclusive private ambulance service dispatched by the Parish's 911 Communications District. If the Parish's 911 Communications District is called for emergency and non-emergency Advanced Life Support and Basic Life Support ambulance service during the terms of the contract between the Parish and Acadian, the Parish has a contractual obligation to notify Acadian for response. It is of importance to note the scope of La.R.S. 33:4791.1, and the fact that it concerns regulation of privately operated ambulance services. This statute immediately follows La.R.S.33:4791, which provides, in part:
 Notwithstanding any other provision of the law to the contrary, the governing authority of each municipality within the state of Louisiana shall have the power to adopt ordinances for the regulation of ambulance services operated by private individuals or companies within the corporate limits of said municipality.
The purpose behind a 911 Communications District, as articulated by La.R.S. 33:9102 is to "shorten the time required for a citizen to request and receive emergency aid." This statute also provides that "The provision of a single, primary three-digit emergency number through which emergency services can be quickly and efficiently obtained will provide a significant contribution to law enforcement and other public service efforts by simplifying the notification of public service personnel." Thus, the primary purpose of creating a 911 Communications District, as indicated by this statute, is to provide law enforcement and other public service entities information about an emergency in the most efficient means possible. While the Parish may contract with a private ambulance provider for exclusive access to the dispatch of 911 emergency calls, the 911 Communications District has an obligation to report an emergency to any public entity statutorily authorized to respond. While the governing authority of the 911 Communications District, pursuant to La.R.S. 33:9105, shall select the method of response to emergency calls that it determines to be the most feasible, their method *Page 4 
should coincide with the purpose of the 911 Communications District in providing people with the most timely response possible in case of an emergency.
La.R.S. 33:4791.1 permits the Parish to contract with a private ambulance service for exclusive access to the 911 Communications dispatch which, in effect, allows the Parish to prohibit any other private ambulance service from responding to emergency calls in that particular area described in the contract. However, this statute does not affect the right of a public entity authorized to respond to emergencies, such as FPD 11, to have notice of an emergency call within their jurisdiction.
It should be noted that nothing prohibits Acadian from communicating with a public entity authorized to respond upon notice of an emergency in order to coordinate the most prompt and efficient response to the emergency.
 (2) Does FPD 11, which began to provide emergency and non-emergency ambulance service during the existence of the Parish's exclusive provider contract with Acadian, have the authority to provide emergency and non-emergency transport services within the area of FPD 11 that is covered by the Parish's exclusive provider contract with Acadian or is FPD 11 limited to providing the First Responder medical assistance that was previously being provided before April 2007?
A Fire Protection District is an entity separate and distinct from the Parish. According to La.R.S. 40:1500(A), "Fire protection districts shall constitute public corporations and as such shall have all the powers of public corporations, including perpetual existence and the right and power to incur debt and contract obligations, to sue and be sued, and to have a corporate seal. . ."
La.R.S. 40:1501 (A)(2) authorizes FPD 11 to provide emergency medical service within their area by stating:
 Notwithstanding any other law to the contrary, the fire protection district may provide emergency medical service itself. Any district which provides such service shall have all authority granted to ambulance service districts by R.S. 33:9053 et seq. and any other provision of the law.
La.R.S. 40:1501 (A)(4) further provides for liberal interpretation in favor of allowing fire protection districts to allocate their funds for serving the people of their district:
 The Legislature of Louisiana recognizes that providing fire protection and emergency medical service by fire protection districts is a governmental purpose essential to the public health, safety and protection of citizens and property in the state. Accordingly, the provisions of this Section shall be construed liberally in order to allow fire protection districts the broadest *Page 5 
discretion in determining the appropriate uses for their funds subject to any express constitutional limits.
Additionally, the citizens within FPD 11 voted to tax themselves for local service on November 21, 2001, a proposition of 15 mills for 10 years. This tax was passed with the authority of La.R.S. 40:1501
(A)(1), which provides, in part:
 Notwithstanding any other provision of law, the governing authority of a fire protection district may submit to the electors of the district a proposition to levy ad valorem taxes for any of the following purposes: acquiring, constructing, improving, maintaining or operating fire protection or emergency medical service facilities, vehicles, and equipment, including both movable and immovable property, that are to be used by the district directly or indirectly to provide fire protection or emergency medical service. . .
The tax proposition specifically states that the 15 mills property tax is for the purpose of "acquiring, constructing, improving, maintaining and/or operating facilities and equipment to provide fire protection and emergency medical service to the public."
The Legislature, by enacting La.R.S. 40:1501, chose to give fire protection districts the option to provide emergency medical servicenotwithstanding any other law to the contrary, and further provided those that choose to provide emergency medical service the authority granted to ambulance service districts.
FPD 11, as authorized by the abovementioned statutes, may provide emergency medical service to the people within its service area. As previously mentioned, La.R.S. 33:4791.1 allows St. Tammany Parish to pass ordinances or resolutions regarding private ambulance services, and to enter into an agreement whereby Acadian Ambulance is given exclusive access for the provision of emergency medical services to the 911 or other communications dispatch. This statute does not preclude FPD 11, which is a public corporation pursuant to La.R.S. 40:1500, from providing emergency medical service. In fact, FPD 11 is statutorily authorized to provide emergency medical service notwithstanding any other law to the contrary. FPD 11 has the authority to provide emergency transport services within the area of FPD 11 that is covered by the Parish's exclusive provider contract with Acadian, provided they have the proper qualifications and equipment for doing so.
The Parish has contracted with Acadian for the provision of emergency and non-emergency transport service pursuant to their authority to do so under La.R.S. 33:4791.1. The Revised Statutes specifically authorize fire protection districts to provide emergency medical service. There appear to be no irreconcilable conflicts between the statute authorizing fire protection districts to provide emergency medical service and the statute authorizing the Parish to contract with a private ambulance service for the provision of medical services. Consistent with Louisiana statutory *Page 6 
interpretation, these statutes should be read in such a manner so that their meaning may be harmonized, and a consistent body of law is achieved by giving effect to the laws. As the Louisiana Supreme Court has stated,
 it is a well-recognized and long-established rule of statutory construction that statutory provisions should be construed along with the remainder of the statute, and all statutes on the same subject matter should be read together and interpreted as a whole to effect the legislative intent and should be construed in such a way as to reconcile, if possible, apparent inconsistencies or ambiguities so that each part is given effect. [Citation omitted].
Anthony Crane Rental, L.P. v. Fruge, 859 So.2d 631, 634, 2003-0115 (La. 2003).
The Legislature has expressed its intent to allow parishes to enter into a contract with a private ambulance service for emergency medical transport service and adopt requirements to ensure safe, reliable, and responsive ambulance service. The Legislature has also enacted law which permits fire protection districts to provide emergency medical service. Reading these statutes harmoniously would permit an interpretation that both FPD 11 and Acadian may provide emergency medical service to the service area in question. The exclusivity granted to Acadian by the Parish would prevent another private ambulance service from responding in the area covered by the exclusive provider contract, but does not prohibit FPD 11 from responding to an emergency within their service area.
 (3) Considering the Parish's authority under R.S. 33:4791.1, and the provisions of R.S. 40:1231 et seq., particularly 1235(E), what is the extent of the Parish's authority to regulate the qualifications, equipment, personnel certification and the overall provision of emergency and non-emergency ambulance services by Fire Protections Districts?
As an initial matter, Article 6, Section 15 of the Louisiana Constitution provides "[t]he governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency." The Parish, as the governing authority of a local governmental subdivision, has general power over FPD 11.[2]
Additionally, Section 1-05 the St. Tammany Home Rule Charter speaks to the general authority of the Parish government to pass ordinances, *Page 7 
 The Parish government shall have the right, power and authority to pass all ordinances requisite or necessary to promote, protect and preserve the general welfare, safety, health, peace and good order of the parish, including, but not by way of limitation, the right, power and authority to pass ordinances on all subject matters necessary, requisite or proper for the management of its affairs, and all other subject matter without exception, subject only to the limitation that the same shall not be inconsistent with the constitution or expressly denied by general law applicable to Parish government.
With respect to specific authority addressing regulation of emergency medical service, La.R.S. 33:4791.1 grants the Parish authority to regulate ambulance services, emergency medical services and aspects attendant to ambulance operation with regard to private ambulance service. See also La.R.S. 33:4791.
As previously mentioned, a fire protection district is a public corporation. La.R.S. 40:1231 et seq. describes emergency medical services, including general provisions; training, certification and duties of emergency medical personnel; and qualifications for emergency medical transportation equipment, including licensure for operating such equipment. La.R.S. 40:1231.1 provides that the Department of Health and Hospitals "shall establish and maintain a program for the improvement and regulation of emergency medical services in the state" and La.R.S.40:1232 provides that the Department of Health and Hospitals, office of public health and bureau of emergency medical services shall promulgate rules and regulations with regard to emergency medical personnel training and certification. La.R.S. 40:1235(E) provides that:
 The provisions of this Section shall apply to all parishes or municipalities except those electing not to comply as expressed to the department in a written resolution by the governing body of such parish or municipality. If any parish or municipality elects to be excluded from this Section, it may later elect to be included by resolution. The election of any parish to be included or excluded from this Section shall in no way affect the election of any municipality to be included or excluded.
From the information you have provided us, it does not appear that the Parish has expressed by written resolution a wish not to comply with the provisions set out by the Department of Health and Hospitals in La.R.S.40:1235 pertaining to qualifications to operate ambulances. In fact, Section 3-400.00 of the St. Tammany Code of Ordinances adopts State Law, as defined in La.R.S. 40:1231 et seq. and 33:4791.1 for Ambulance, Emergency Medical Service.
La.R.S. 40:1235.2(C)(3)(d) provides that:
 An applicant seeking licensure as an ambulance provider shall: *Page 8 
 Successfully complete an inspection by the department which includes the following:
 Verification that the provider has complied with all applicable federal, state, and local statutes, rules, and regulations, and that the provider has obtained all necessary and applicable licenses, permits, and certifications, including certificates of need or certificates of public convenience and necessity.
This statute asserts that in order to obtain a license as an ambulance provider, the provider must successfully complete an inspection, which includes verification that the provider has complied with all the applicable local statutes, rules, and regulations. Therefore, the ambulance providers within a parish must comply with any local statutes, rules and regulations relevant to ambulance operation.
Considering the general authority of the Parish over an agency created by it, the general authority of the Parish to pass ordinances necessary or requisite to promote, protect and preserve the general welfare and safety of the Parish, and the limits of the above mentioned statutes, the Parish has the authority to regulate some aspects of emergency and non-emergency ambulance service. However, the Parish may not pass any ordinances which prevent FPD 11 from providing the emergency medical services they are authorized to provide pursuant to La.R.S. 40:1501
(A)(2).
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: ________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB *Page 9 
 47-A-1 — FIRE PROTECTION DISTRICTS
La.R.S. 33:4791 La.R.S. 40:1500 La.R.S. 33:4791.1 La.R.S. 40:1501
La.R.S. 40:1231 et seq.
St. Tammany Parish has the authority, pursuant to La.R.S. 33:4791.1, to direct the Parish's Communications District to continue to dispatch a privately owned ambulance service to an area covered by the exclusive provider contract executed by the Parish. However, this statute does not affect the right of a public entity authorized to respond to emergencies, such as FPD 11, to have notice of an emergency call within their jurisdiction. Pursuant to La.R.S. 40:1501 (A)(2), Fire Protection Districts are only authorized to provide emergency medical services within its district. The Parish has the authority to regulate the qualifications, equipment, personnel certification and the overall provision of emergency and non-emergency ambulance services of fire protection districts within their jurisdiction, within the limits of St. Tammany's Home Rule Charter, La.R.S. 33:4791.1 and La.R.S. 40:1231 et seq., and without encroaching on the rights of Fire Protection Districts to provide service under La.R.S. 40:1501 (A)(2).
Mr. Neil C. Hall, III
Assistant District Attorney
22nd Judicial District
Justice Center
701 N. Columbia Street
Covington, Louisiana 70433
Date Assigned:
Date Released:
Emalie A. Boyce Assistant Attorney General
[1] Please note that La.R.S. 33:4791.1(B)(3) empowers the local governing authority to regulate the establishment of safety and insurance requirements, and (B)(4) authorizes the local governing authority to regulate any other requirement adopted to ensure safe, reliable, and responsive ambulance service, even if such a requirement is anticompetitive in effect.
[2] FPD 11 was created by Ordinance No. 81-266, adopted 9/17/81 (Section 8-046.00 in the St. Tammany Code of Ordinances).